EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* AGUSTÍN OLAVARRIETA, acusado y apelante.

Núm. 9086.—*Sometido:* Diciembre 19, 1941. *Resuelto:* Enero 16, 1942.

*Jorge Díaz Cruz*, abogado del apelante; *Hon. Procurador General George A. Malcolm* y *R. A. Gómez, Fiscal del Tribunal Supremo*, abogados de El Pueblo, apelado.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

El apelante fué denunciado en la Corte Municipal de Yauco el primero de abril de 1940 por un delito de abandono de menores, y declarado culpable, fué sentenciado al pago de una multa de $25 pero dicha corte suspendió la sentencia con la condición de que el apelante suministrase al menor una pensión de $2 semanales. Apeló para ante la Corte de Distrito de Ponce y al llamarse el caso en enero 16 de 1941 para el juicio *de novo*, luego de leída la acusación y antes de hacer alegación alguna contra la misma, el acusado presentó una moción solicitando el archivo y sobreseimiento de la causa por el hecho de haber fallecido el menor Víctor Iván Flores en junio 4 de 1940, acompañando dicha moción de la certificación de defunción del indicado niño. Además se solicitó por la defensa el archivo y sobreseimiento del caso porque habiéndose aprobado la ley núm. 108 de 1940 (pág. 673), por la que se establece un procedimiento especial en relación con el delito de abandono de menores que sean hijos ilegítimos, fueren o no reconocidos, y hallándose en vigor dicha ley a la fecha en que se llamó la vista del juicio en la corte de distrito, tenía derecho el acusado a invocar dicha ley al efecto de que se siguiese el procedimiento prescrito en los artículos 2, 3 y 4 de la misma, a virtud del cual el acusado no puede ser denunciado por infracción al artículo 263 del Código Penal hasta después de haberse llevado a efecto el requerimiento indicado en el artículo 2 de la citada

ley y persistir en su negativa de suministrar alimentos al alegado hijo.

La ley núm. 108 de 1940 fué aprobada el 30 de abril y empezó a regir el 29 de julio del mismo año, o sea alrededor de seis meses antes de la fecha en que este caso fué llamado a juicio en la corte inferior.

Denegadas las mociones del acusado y visto el caso en sus méritos, se dictó sentencia declarándolo culpable, condenándolo a pagar $25 de multa o en su defecto a sufrir un día de cárcel por cada dólar que dejara de satisfacer, con más el pago de las costas.

A nuestro juicio la primera cuestión, o sea la relativa al fallecimiento del menor, carece de importancia, pues estando vivo el menor en la fecha en que fué denunciado y sentenciado el acusado por la corte municipal y no rigiendo para aquella fecha la ley antes citada, el hecho de que posteriormente falleciese no implica que el acusado no hubiera cometido el delito por el cual fué denunciado y sentenciado en la corte municipal, y por consiguiente la de distrito de Ponce hubiera tenido jurisdicción, de no regir la ley núm. 108, repetimos, para juzgarlo por infracción al artículo 263 del Código Penal; pero estando en vigor la citada ley al celebrarse el juicio de novo en la corte inferior, carecía ésta de jurisdicción, de acuerdo con la citada ley y con la jurisprudencia de este tribunal, establecida en el caso de *Pueblo* v. *Lamboy*, 59 D.P.R. 174, para condenar al acusado, no habiéndose celebrado previamente la audiencia antes aludida en la corte municipal.

En *Pueblo* v. *Lamboy*, supra, interpretando la ley núm. 108 de 1940, se dijo por este tribunal:

"De acuerdo con las claras disposiciones del citado artículo, cualquier padre o madre que dejaba de cumplir sus obligaciones para con el hijo menor podía ser denunciado, juzgado y sentenciado sin necesidad de que se llenara formalidad previa alguna. La ley núm. 108 de 1940 (sección 2) enmienda el artículo 263 del Código Penal, en cuanto a los hijos ilegítimos se refiere, al disponer que 'el que fal-

tare a esa obligación o se negare voluntariamente a cumplirla y persista en su negativa *después de haber sido requerido para ello'* sufrirá la pena que dispone el Código Penal. El propósito evidente del legislador ha sido el de dar al padre que ha abandonado al hijo ilegítimo menor de 16 años de edad, una última oportunidad para cumplir sus obligaciones y evitar que se incoe contra él un proceso criminal por infracción al artículo 263 del Código Penal. Desde el momento en que comenzó a regir la ley núm. 108 de 1940, ningún presunto padre puede ser procesado y castigado por abandono de su hijo menor, si no se le ha requerido previamente, en la forma prescrita por la sección 4ª. de dicha ley, para que diga si acepta o no acepta la paternidad y haga constar en un acta lo que se compromete a hacer y cumplir en beneficio del menor. Si después de ser requerido, comparece ante el juez municipal y acepta la paternidad, esa aceptación le coloca, ipso facto, bajo la jurisdicción de la Corte para Niños; y si después de tal aceptación y de haberse comprometido a sostener al menor, faltare al compromiso contraído con la Corte para Niños, ésta tendrá desde ese momento jurisdicción exclusiva para procesarle y condenarle por infracción del artículo 263 del Código Penal.

"Si el presunto padre del menor ilegítimo, al ser requerido de acuerdo con las citadas disposiciones de la nueva ley, se niega a comparecer ante el juez municipal o comparece y no acepta la paternidad, y se niega a proveer lo necesario para el bienestar del menor, en ese caso y desde ese momento el presunto padre podrá ser juzgado y sentenciado, de acuerdo con el artículo 263 del Código Penal, por el tribunal ordinario que tenga jurisdicción para conocer del caso. Mientras no se haya cumplido con el requisito del previo requerimiento el presunto padre del menor no puede ser considerado como un infractor de la ley. En otras palabras, la causa de acción nace cuando después de ser requerido, el padre se niega a aceptar la paternidad.

"Cuando el acusado compareció en septiembre 21 de 1940 a oír la acusación, ya la ley núm. 108 estaba vigente. Y tratándose de una ley beneficiosa para el acusado, éste tenía derecho a exigir que no se le procesase ni se le condenase, sin que se le diera antes una oportunidad de aceptar la paternidad del menor o de repudiarla. No habiéndose cumplido con el requisito del previo requerimiento del presunto padre, la corte de distrito que le condenó carecía de jurisdicción para juzgarle. Véanse: *Ball* v. *Tolman,* 135 Cal. 375; Sutherland, *Statutory Construction,* sec. 166; y *El Pueblo* v. *Pérez,* 52 D.P.R. 169."

Por las razones expuestas, *procede revocar la sentencia apelada y absolver libremente al acusado.*

El Juez Asociado Sr. Snyder no intervino.