Lucas Sánchez, en su carácter de madre con patria potestad de la menor Aida Rosa Sánchez, peticionaria, *v.* Corte de Distrito de San Juan, Hon. Domingo Massari, Juez, demandada.

Núm. 1581.—*Sometido:* Enero 18, 1945. *Resuelto:* Enero 30, 1945.

*Angel Muñoz Igartúa,* abogado de la peticionaria; *Benicio Sánchez Castaño,* abogado del demandado en el pleito principal.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

La peticionaria, madre de la niña Aida Rosa Sánchez, radicó una demanda ante la Corte de Distrito de San Juan, contra José Velilla, alegando en la misma dos causas de acción. En la primera se alega que dicha niña es el fruto de relaciones amorosas entre la demandante y el demandado Velilla, mientras ambos vivían maritalmente y en estado de público concubinato; y en la segunda, que el demandado, no obstante hallarse en una situación económica desahogada, con más de $250 de ingresos mensuales, le ha venido pasando a su hija solamente $5 por cada mes. En la súplica se pide sentencia por la cual se declare que la referida menor es hija natural reconocida de Velilla y que se condene a éste a pasarle a su hija una pensión alimenticia no menor de $50 mensuales y al pago de las costas y honorarios de abogado.

Radicó el demandado dos mociones. En la primera solicita la desestimación de la demanda por no alegarse en ella hechos suficientes para constituir causa de acción y por ha-

berse ejercitado conjuntamente con la de filiación la acción para reclamar alimentos. En la segunda moción se pidió la eliminación de la segunda causa de acción por ser "inmaterial, innecesaria e impertinente y por no ser parte de la acción principal sobre filiación que se ejercita". Vistas ambas mociones, la primera fué declarada sin lugar, por ser la corte inferior de opinión que los hechos alegados en la primera causa de acción son suficientes. La segunda fué declarada con lugar, ordenándose la eliminación de la segunda causa de acción, por los fundamentos siguientes:

"Siendo lógico asumir que para obligar al demandado a sostener a la demandante debe proceder el decreto de la Corte, declarándola en este caso, hija suya, con todos los deberes y derechos inherentes a tal reconocimiento, no es aventurado decidir que estando pendiente el litigio a ese respecto, parezca prematura la pretensión de la segunda causa de acción, que en realidad debemos convenir con la parte demandada, no constituye un elemento esencial de la acción de filiación que se ejercita.

"Por otra parte, si como se alega en dicha segunda causa de acción, el demandado está atendiendo a las necesidades de la menor, aunque no en la forma 'generosa' como podría hacerlo, se infiere que se trata de establecer controversia sobre si es o no suficiente lo que en la actualidad le pasa, cuyos hechos deben ventilarse en otro procedimiento.

"De subsistir tal alegación en esta demanda, haríase menester permitir la práctica de prueba pertinente a los hechos alegados, o sea, si es o no suficiente lo que el demandado suministra a la demandante, la capacidad económica del demandado, etc., obligando así al demandado a entrar en materia que es extraña a la acción de filiación, y la cual quedaría sin valor ni efecto alguno si la Corte declarara sin lugar, en su día, la primera causa de acción."

En la solicitud radicada ante esta corte, la peticionaria nos pide que revisemos y anulemos la resolución recurrida, alegando que la corte inferior interpretó erróneamente la ley e infringió las disposiciones de la Regla Núm. 18 de las Reglas de Enjuiciamiento Civil para las Cortes de Puerto Rico, vigentes desde el 1 de septiembre de 1943.

La cuestión a resolver es si es permisible acumular en una misma demanda la acción sobre filiación y la acción en reclamación de una pensión alimenticia.

La Regla núm. 18, invocada por la peticionaria, prescribe en su apartado (a) que "el demandante en su demanda . . . y el demandado en una contestación en que establezca una reconvención, pueden acumular como independientes o como alternativas tantas reclamaciones como tuvieren contra la parte contraria"; y dispone en su apartado (b) que "cuando se tratare de una reclamación que hasta la fecha sólo podía establecerse después que otra reclamación hubiere sido proseguida hasta su terminación, dichas dos reclamaciones podrán acumularse en la misma acción; pero la corte concederá remedio en esa acción sólo de acuerdo con los derechos sustantivos que relativamente tuvieren las partes. Especialmente, un demandante puede exponer una reclamación de dinero y una para anular un traspaso fraudulento que le perjudique, sin que sea necesario obtener previamente sentencia por la reclamación de dinero."

La Legislatura de Puerto Rico, por virtud de la Ley núm. 9, aprobada en 5 de abril de 1941 ((1) pág. 331), autorizó a esta Corte Suprema para regular los procedimientos judiciales en todas las cortes insulares, mediante reglas que promulgará y pondrá en vigor de tiempo en tiempo, con el propósito de simplificar los procedimientos y promover una rápida administración de justicia. Teniendo en mente ese propósito fundamental de la ley, esta corte promulgó y puso en vigor la Regla 18, que tiende tal vez más que ninguna de las otras a simplificar los procedimientos y a hacer más rápida la administración de la justicia. El lenguaje de dicha regla es tan claro que basta leer sus disposiciones para darse cuenta exacta de su significado y alcance.

La menor Aida Rosa Sánchez alega tener dos causas de acción contra una misma persona, contra el hombre que dice ella es su progenitor. En una reclama que se le declare hija

natural reconocida del demandado, con todos los derechos inherentes a esa condición; y en la segunda, como consecuencia de la primera, pide que se obligue al padre a proveer lo necesario para su sostenimiento. Ambas acciones pueden ser, como lo fueron en este caso, acumuladas en una sola demanda, pero sujetas desde luego a la limitación contenida en el apartado (*b*) de la misma Regla 18, o sea que la corte inferior no podría declarar con lugar la segunda causa de acción y condenar al demandado a pagar una pensión alimenticia, sin haber declarado antes con lugar la primera, reconociendo a la demandante como hija natural del demandado. Si la Regla 18(*b*) permite expresamente la acumulación de una reclamación de dinero de *A* contra *B* y de otra acción de *A* para anular un traspaso fraudulento de bienes hecho por *B* a *C,* en la cual *C* es parte absolutamente necesaria, sin serlo en la primera causa de acción, no vemos razón alguna para que dos causas de acción como las alegadas en este caso, las cuales afectan a las mismas partes y una es consecuencia de la otra, no puedan ser acumuladas en la misma demanda. Si resolviéramos que la demandante en este caso está obligada a entablar dos demandas separadas y que no puede ejercitar la acción en reclamación de alimentos hasta que se haya dictado sentencia definitiva y firme declarándola hija natural del demandado, estaríamos complicando los procedimientos y retardando la administración de la justicia. Véanse: *Atlantic Lumber Corporation* v. *Southern Pac. Co. et al.* (Dec. 23, 1941) Dist. C. of Oregon, 2 Fed. Rules Dec. pág. 313; *Bee Mach. Co. Inc.* v. *Freeman,* D. C. of Mass., Nov. 5, 1943, 3 Fed. Rules Dec., pág. 310; *Munzer* v. *Swedish American Line,* 30 Fed. Supp. 789.

*La resolución recurrida, dictada en 17 de noviembre de 1944 es errónea y debe ser anulada, devolviéndose el caso a la corte inferior para ulteriores procedimientos no inconsistentes con esta opinión.*