El Pueblo de Puerto Rico, demandante y apelado, *v.* Pedro Rodríguez, acusado y apelante.

Núm. 12529.—*Sometido:* Noviembre 3, 1947.   *Resuelto:* Noviembre 14, 1947.

_____

(⁶)*Cf.* Mertens, *Law of Federal Income Taxation*, Vol. 10, sección 55.25, pág. 40.

*J. Ramírez Viñas,* abogado del apelante; *Hon. Procurador General Luis Negrón Fernández* y *J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Ante la Corte Municipal de San Juan se presentó en 24 de diciembre de 1946 una denuncia por el delito de abandono de menores([1]) contra el aquí apelante.([2])  El delito consistía en que éste, voluntaria y maliciosamente, tenía en completo estado de abandono, sin excusa legal, a su menor hija Elba Lydia de siete años de edad, dejándola desprovista de sus indispensables alimentos, tales como ropa, casa y medicina. Celebróse allí el juicio de rigor y el acusado fué declarado culpable.  De la sentencia condenatoria dictada el acusado apeló para ante la Corte de Distrito de San Juan y ésta, luego de un juicio *de novo,* lo declaró nuevamente culpable y le condenó a sufrir dos meses de cárcel, más las costas, pero dejó en suspenso la sentencia siempre que éste depositara el lunes de cada semana en la Secretaría de lo Criminal, para los alimentos de la menor ya referida, la suma de cinco dólares. De esa sentencia Rodríguez apeló para ante nos y en apoyo de su recurso señala en su alegato un solo error, a saber:

---

([1])El artículo 263 del Código Penal, que es el que define el delito de abandono y descuido de menores, según quedó enmendado por la Ley núm. 35 de 24 de abril de 1931 (página 353), textualmente copiado provee:

"Todo padre o madre de un hijo legítimo, legitimado, natural o ilegítimo reconocido y adoptivo que voluntariamente y sin excusa legal, dejare de cumplir cualesquiera de las obligaciones que la ley le impone, de proveerle del indispensable alimento, vestuario o asistencia médica, incurrirá en *misdemeanor; Disponiéndose, sin embargo,* que cuando se denuncie a una persona bajo las disposiciones de este artículo y fuere sentenciada, la corte podrá dejar en suspenso la ejecución de la sentencia bajo las condiciones que tenga a bien imponer para bienestar del niño."

([2])De los autos no se desprende si en este caso se utilizó o no el procedimiento fijado por la ley núm. 108 de 30 de abril de 1940, página 673.  Sin embargo, no es necesario que la denuncia contenga tal alegación, pero sí es menester que se haya cumplido con tal requisito, pues de lo contrario este Tribunal no habrá adquirido jurisdicción. *Pueblo v. Lamboy,* 59 D.P.R. 174, 178; *Pueblo v. Olavarrieta,* 59 D.P.R. 736; *Pueblo v. Ramos,* 61 D.P.R. 333, 336; *Pueblo v. Emanuelli,* 61 D.P.R. 209, y *Pueblo v. Lugo,* 64 D.P.R. 554, 562.  La presun-

"La corte inferior erró con perjuicio para el acusado, al concluir que el acusado y la madre del menor vivían en concubinato y que la menor era hija del acusado."

██ Para sostener éste, cita exclusivamente los casos de *Vázquez* v. *de Jesús,* 65 D.P.R. 900, y *Montañez* v. *Rodríguez,* 67 D.P.R. 214.

Dichos casos, no obstante, no son criminales, como el presente, sino civiles. En el primero de ellos la corte inferior dictó sentencia declarando al menor demandante hijo natural del demandado y condenando a éste a pasarle a aquél $12.50 mensuales como pensión alimenticia. En apelación llegamos a la conclusión de que no se había probado el concubinato de los padres del menor, revocamos la sentencia apelada y declaramos sin lugar la demanda en todas sus partes.

En el segundo, este Tribunal igualmente declaró sin lugar la demanda en su totalidad al llegar a la conclusión de que no había quedado probado el concubinato entre los padres de la menor para la cual se reclamaban alimentos.

Es de notarse, sin embargo, que en ambos casos se solicitaban tanto la filiación de los menores en ellos envueltos como los alimentos de éstos, y que por el solo hecho de no haberse probado el concubinato se declararon totalmente sin lugar las respectivas demandas. En ambos casos se dió crédito a la prueba de la parte demandante y se aceptó la paternidad, mas no obstante, no se concedieron alimentos a los menores allí envueltos. Fué ello incuestionablemente un error de este Tribunal, debido sin duda a que en ambos enfocó su atención principalmente hacia las relaciones existentes entre las respectivas madres de los menores y los demandados, y al llegar a la conclusión en cada uno de ellos de la no existencia del concubinato, no discutió la reclamación de alimentos que, como secuela de la acción de filiación, se hacía en ellos.(³)

ción, desde luego, es "que la ley ha sido acatada." Inciso 32 del artículo 464 del Código de Enjuiciamiento Civil, Ed. de 1933 (Art. 102, Ley de Evidencia) y *Onna* v. *The Texas Co.,* 64 D.P.R. 520, 525.

(³)En *Sánchez* v. *Corte,* 64 D.P.R. 478, dijimos a la página 480:

"La cuestión a resolver es si es permisible acumular en una misma demanda

Tanto en causas criminales como en casos civiles este Tribunal reiteradamente ha decidido que una vez establecida la paternidad, el presunto padre viene obligado a proveer alimentos a su menor hijo, y que tal paternidad puede ser investigada lo mismo en casos criminales como en procedimientos civiles.(4) *Pueblo* v. *Rohena,* 52 D.P.R. 313; *Pueblo* v. *López,* 54 D.P.R. 294; *Pueblo* v. *Rotger,* 55 D.P.R. 139; *Pueblo* v. *Pérez,* 55 D.P.R. 677; *Pueblo* v. *De Jesús,* 57 D.P.R. 708; *Pueblo* v. *Ramos,* 61 D.P.R. 333; *Rivera* v. *Cardona,* 56 D.P.R. 819; *Miranda* v. *Cacho,* 66 D.P.R. 550, 555; *Falcón* v. *Cruz,* ante, pág. 553; *Miranda* v. *Cacho,* ante, pág. 515 y *Ramos Roque* v. *Rosario,* ante, pág. 683. Por ejemplo, en *Pueblo* v. *López,* supra, dijimos a la página 300:

"... La obligación del padre surge del hecho substancial de serlo. Probado en debida forma que lo es y que siéndolo dejó de cumplir su obligación en la manera que la ley penal establece, el delito debe entenderse cometido.

Y en *Rivera* v. *Cardona,* supra, luego de citar extensamente del caso de *El Pueblo* v. *López,* manifestamos a la página 822:

la acción sobre filiación y la acción en reclamación de una pensión alimenticia." Y a la página 481:

"... Ambas acciones pueden ser, como lo fueron en este caso, acumuladas en una sola demanda, pero sujetas desde luego a la limitación contenida en el apartado (b) de la misma Regla 18, o sea que *la corte inferior no podría declarar con lugar la segunda causa de acción y condenar al demandado a pagar una pensión alimenticia, sin haber declarado antes con lugar la primera, reconociendo a la demandante como hija natural del demandado."* (Bastardillas nuestras.)

El razonamiento de la presente opinión demostrará que el *dictum* que hemos subrayado más arriba está completamente equivocado.

(4) Véanse los artículos 128 y 129 del Código Civil, Ed. de 1930, que dispone:

"*Artículo 128.*—Los hijos ilegítimos en quienes no concurra la condición legal de naturales sólo tendrán derecho a exigir de sus padres alimentos, conforme al artículo 143."

"*Artículo 129.*—El derecho a los alimentos de que habla el artículo anterior, sólo podrá ejercitarse:

2. Si la paternidad o maternidad resulta de un documento indubitado del proceso criminal o civil.

2. Si la paternidad o maternidad resulta de un documento indubitado del padre o de la madre, en que expresamente reconozca la filiación."

". . . Pero en verdad no vemos razón alguna que nos obligue a variar el criterio ya establecido, cuando de una demanda de alimentos se trate en un caso civil como el que nos ocupa."

Además, en *Miranda* v. *Cacho,* supra, nos expresamos a la página 555 del modo siguiente:

"Habiendo declarado la corte *a quo* que la niña era hija del demandado, no siendo ella hija natural y habiendo nacido ella fuera de matrimonio, *necesariamente era una hija ilegítima y como tal, con derecho a alimentos.*([5])  (Bastardillas nuestras.)

El hecho de que el menor que reclama alimentos sea hijo adulterino, como ocurre en este caso, no altera en forma alguna el principio ya enunciado.([6])  *Pueblo* v. *López,* 54 D.P.R. 294, *Pueblo* v. *Emanuelli,* 61 D.P.R. 209, 212 y *Pueblo* v. *Avilés,* 66 D.P.R. 290, 293.  *Cf. Miranda* v. *Cacho,* supra.

En verdad, la prueba requerida en casos de filiación debe ser y es distinta a la exigida en aquéllos en que tan sólo se reclaman alimentos para un menor.  En los primeros es indispensable dar cumplimiento a lo preceptuado por el artículo 125 del Código Civil, es decir, en ellos hay que probar (1) la existencia de un documento indubitado en que el presunto padre expresamente reconozca la paternidad; (2) que el solicitante se halla en la posesión continua del estado de hijo natural del padre demandado, justificada por actos de éste o de su familia; (3) que la madre fué conocida viviendo en concubinato con el padre durante el embarazo y al tiempo del nacimiento del hijo, o (4) presentar cualquier prueba auténtica de la paternidad del hijo.  Empero, en casos de alimentos o de abandono y descuido de menores, conforme ya hemos dicho y según ha sido resuelto por este Tribunal en los

([5])Si bien es cierto que en ese caso dos de los jueces de este Tribunal disintieron (pág. 558), sin embargo, su disentimiento no se debió a que no concurrieran con el principio de que un hijo ilegítimo tiene derecho a alimentos una vez establecida la paternidad, sino más bien a que entendieron que la menor debió ser declarada hija natural reconocida del demandado.

([6])Es innecesario discutir por ahora el alcance que pueda tener la Ley núm. 229 de 12 de mayo de 1942 (página 1297), según fué enmendada por la Ley núm. 243 de 12 de mayo de 1945 (página 815).

numerosos casos ya citados, basta con que haya prueba de la paternidad para que el derecho a los alimentos sea indubitado, siempre que se demuestre además, por supuesto, que el menor tiene necesidad de ellos y que el padre está en condiciones de suministrárselos.

En el de autos hubo amplia prueba testifical, y aunque de ella surgió algún conflicto, éste fué dirimido por la corte inferior. Al así hacerlo no encontramos que ella cometiera manifiesto error o actuara movida, por pasión, prejuicio o parcialidad. Es nuestro deber, por ende, respetar sus conclusiones. *Machuca* v. *Autoridad de Fuentes Fluviales*, 66 D.P.R. 182; *Rivera* v. *López*, 66 D.P.R. 210; *Graniela* v. *Yolande, Inc.*, 65 D.P.R. 107; *López* v. *Alvarez*, 64 D.P.R. 404; *Rivera* v. *Rossi*, 64 D.P.R. 718; *Figueroa* v. *American Railroad Company*, 64 D.P.R. 335; *Hernández* v. *Acosta*, 64 D.P.R. 171; *Pueblo* v. *Bernabe*, 63 D.P.R. 400 y *Velázquez* v. *Sucn. Blanco*, 50 D.P.R. 294.

*No habiéndose cometido el error señalado, debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Snyder está conforme con el resultado y con la opinión, a excepción de que él omitiría la discusión que se hace de los casos de *Vázquez* v. *de Jesús*, 65 D.P.R. 900; *Montañez* v. *Rodríguez*, 67 D.P.R. 214 y *Sánchez* v. *Corte*, 64 D.P.R. 478.