Flor María Montañez, conocida por Dulce María Montañez, menor de edad, representada y asistida por su madre con patria potestad Saturnina Montañez Montañez, demandante y apelada, *v.* Gerardo Rodríguez, demandado y apelante.

Núm. 9922.—*Sometido:* Abril 1, 1949. *Resuelto:* Abril 14, 1949.

*José C. Jusino,* abogado del apelante; *Manuel Torres Reyes,* abogado de la apelada.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

En una apelación anterior en un caso de filiación y alimentos entre las mismas partes, revocamos la sentencia de la corte inferior. *Montañez* v. *Rodríguez,* 67 D.P.R. 214. Posteriormente, en el caso de *Pueblo* v. *Rodríguez,* 67 D.P.R. 735, 737, hicimos referencia a lo resuelto en los de *Vázquez* v. *De Jesús,* 65 D.P.R. 900 y *Montañez* v. *Rodríguez,* supra, y dijimos:

"   *        *        *        *        *        *        *

"Es de notarse, sin embargo, que en ambos casos se solicitaban tanto la filiación de los menores en ellos envueltos como los alimentos de éstos, y que por el solo hecho de no haberse probado el concubinato se declararon totalmente sin lugar las respectivas demandas. En ambos casos se dió crédito a la prueba de la parte demandante y se aceptó la paternidad, mas no obstante, no se concedieron alimentos a los menores allí envueltos. Fué ello incuestionablemente un error de este Tribunal, debido sin duda a que en ambos enfocó su atención principalmente hacia las relaciones existentes entre las respectivas madres de los menores y los demandados, y al llegar a la conclusión en cada uno de ellos de la no existencia del concubinato, no discutió la reclamación de alimentos que, como secuela de la acción de filiación, se hacía en ellos.(³)"

"(³)En *Sánchez* v. *Corte,* 64 D.P.R. 478, dijimos a la página 480:

" 'La cuestión a resolver es si es permisible acumular en una misma

Resolvimos además en dicho caso, ratificando abundante jurisprudencia nuestra, que:

". . . una vez establecida la paternidad, el presunto padre viene obligado a proveer alimentos a su menor hijo. . ."

Inducida indudablemente por nuestra decisión en el caso de *Pueblo* v. *Rodríguez,* supra, la demandante Flor María Montañez inició nueva acción de alimentos contra su presunto padre Gerardo Rodríguez. El demandado solicitó la desestimación de la demanda alegando la defensa de cosa juzgada, fundándose en nuestra decisión en *Montañez* v. *Rodríguez,* supra. La corte inferior declaró sin lugar dicha defensa y el demandado no quiso intervenir en el juicio, en el cual la demandante presentó su prueba, a virtud de la cual la corte declaró probado que la demandante "es hija de las relaciones sexuales habidas entre Saturnina Montañez Montañez y Gerardo Rodríguez" y que el padre tenía medios para alimentar a su hija y en su consecuencia, lo condenó a pasarle quince dólares semanales.

No conforme el demandado con la sentencia, apeló y alega en este recurso que la corte inferior erró al desestimar la defensa de cosa juzgada.

■ En el reciente caso de *Pueblo* v. *Ibarra,* ante, pág. 563, dijimos que:

". . . al determinar si como cuestión de política pública la doctrina de *res judicata* debe o no ser aplicada, tanto en casos criminales como en casos civiles, este Tribunal es el llamado también a determinar

demanda la acción sobre filiación y la acción en reclamación de una pensión alimenticia.' Y a la página 481:

" ' . . . Ambas acciones pueden ser, como lo fueron en este caso, acumuladas en una sola demanda, pero sujetas desde luego a la limitación contenida en el apartado (b) de la misma Regla 18, o sea que *la corte inferior no podría declarar con lugar la segunda causa de acción y condenar al demandado a pagar una pensión alimenticia, sin haber declarado antes con lugar la primera, reconociendo a la demandante como hija natural del demandado.'* (Bastardillas nuestras.) "

El razonamiento de la presente opinión demostrará que el *dictum* que hemos subrayado más arriba está completamente equivocado.

previamente, 'qué fué de hecho lo resuelto' en el caso anterior, *Monagas et al.* v. *Vidal Garrastazú,* 170 F.2d 99. . . . ."

◼ Aceptando que hubiéramos resuelto en el caso de *Montañez* v. *Rodríguez,* supra, que la demandante no tenía derecho a los alimentos de acuerdo con los hechos allí probados, la situación en el presente caso es distinta. El derecho a alimentos es continuo siempre que el que los solicite los necesite para subsistir, y que el llamado a darlos esté en condiciones de hacerlo. Artículos 143, 144, 146 y 147 del Código Civil (ed. 1930). La demandante tenía derecho a reclamar alimentos en la primera acción y así lo hizo y le fueron concedidos por la corte inferior. El hecho de que la sentencia fuera revocada en cuanto a la filiación, no implica que, probada la paternidad de la demandante, el demandado no esté obligado a pasarle los alimentos que ella necesite para subsistir al serles reclamados en esta nueva acción basada en una situación de hechos distinta a la anterior. *Cf. Pueblo* v. *Lugo,* 64 D.P.R. 554, 559 y casos citados en cuanto a la regla de *estoppel* colateral en casos civiles, y *Commissioner* v. *Sunnen,* 333 U.S. 591, 599–602, en el que se discute dicha doctrina en tanto en cuanto afecta a hechos ocurridos en distintas épocas que dan lugar a una causa de acción distinta a la anterior o al caso en que, habiéndose dictado una resolución judicial entre el primer caso y el segundo,—aquí *Pueblo* v. *Rodríguez,* supra—se cambie la situación legal en tal forma que haga inaplicable dicha doctrina.

◼◼ Hemos resuelto repetidas veces que la sentencia que se dicta bajo el artículo 146 del Código Civil dispositivo de que ''la cuantía de los alimentos será proporcionada a los recursos del que los da y a las necesidades del que los recibe, y se reducirán o aumentarán en proporción a los recursos del primero y a las necesidades del segundo'', no tiene el carácter de una sentencia definitiva ordinaria y no constituye cosa juzgada. *Molinari* v. *López Acosta,* 20 D.P.R. 510; *Alcaide* v. *Alcaide,* 25 D.P.R. 310; *Ramírez* v. *Ramírez,* 34

D.P.R. 929. En igual forma, una acción de alimentos predicada en hechos ocurridos con posterioridad a una acción anterior y bajo una situación legal distinta, no está sujeta a la defensa de cosa juzgada.

*Debe confirmarse la sentencia.*