FERNANDO ACEVEDO, peticionario, *v.* CORTE DE DISTRITO DE BAYAMÓN, HON. FERNANDO GALLARDO DÍAZ, JUEZ, demandado; ANA GARCÍA, EN SU CARÁCTER DE MADRE CON PATRIA POTESTAD DE LA MENOR JUANA GARCÍA, interventora.

Núm. 1785.—*Sometido:* Mayo 2, 1949. *Resuelto:* Junio 21, 1949.

*E. Martínez Rivera* y *Luis Blanco Lugo,* abogados del peticionario; *José E. Bosch Roque* y *Luis A. Archilla Laugier,* abogados de la interventora, demandante en el pleito principal.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

La cuestión a resolver en este caso es si acumuladas en la demanda una acción en reclamación de alimentos y una acción de filiación, la corte tiene facultad para ordenar que el juicio de la primera se celebre con anterioridad al de la segunda.

Expedimos el auto en este caso para revisar la resolución dictada por la corte inferior señalando la vista de la acción de alimentos para una fecha anterior (siete días) a la señalada para ver la acción de filiación. Debemos hacer constar que ya el demandado, aquí peticionario, radicó en la corte inferior su contestación a la reclamación de alimentos y, separadamente, una moción solicitando se dicte sentencia sumaria desestimando la acción de filiación.

Tanto el peticionario como la interventora admiten que no están envueltas en el presente recurso las siguientes cuestiones: (1) que una reclamación de alimentos y una acción de filiación son acumulables en una misma demanda (*Sánchez v. Corte,* 64 D.P.R. 478; *Cerra v. Corte,* 67 D.P.R. 929), (2) que a pesar de ser acumulables su resolución depende de hechos distintos (*Pueblo v. Rodríguez,* 67 D.P.R. 735) y (3) que no es preciso dictar sentencia previamente en la acción de filiación para que proceda la acción de alimentos (*Pueblo v. Rodríguez,* supra).

Sostiene el peticionario que si se acumula una acción en reclamación de alimentos a una acción de filiación no puede haber más tramitación en el caso que por la vía ordinaria ya que el único precepto que autoriza tal acumulación es la Regla 18 de las de Enjuiciamiento Civil,(1) pues bajo el artículo 104 del Código de Enjuiciamiento Civil, tal acumu-

(1)La Regla 18(a), en lo pertinente, dispone:

"Regla 18(a).—*Acumulación de Reclamaciones.*—El demandante en su demanda o en una réplica en que establezca una reconvención, y el demandado en una contestación en que establezca una reconvención, pueden acumular como independientes o como alternativas tantas reclamaciones como tuvieren contra la parte contraria. . . ."

lación no era permitida. Arguye, entonces, que si esto es así "forzoso es concluir que la celebración de vistas separadas se rige por las reglas que en ningún caso autorizan procedimientos sumarios para las vistas separadas."

Aun cuando la premisa del peticionario sea correcta, su conclusión no lo es. Es un hecho aceptado por las partes que de haberse radicado únicamente la acción sobre alimentos, ésta se tramitaría, de acuerdo con el artículo 618 del Código de Enjuiciamiento Civil en la forma prescrita para el juicio de desahucio, y que, las Reglas de Enjuiciamiento Civil no le serían aplicables. Regla 81. Empero, si el peticionario acepta que es bajo la Regla 18(*a*), supra, según interpretada en aquella parte de nuestra decisión en *Sánchez* v. *Corte,* supra, no revocada en *Pueblo* v. *Rodríguez,* supra, que las acciones de filiación y alimentos son acumulables, ¿qué razón hay para que las demás Reglas que no violan un derecho reconocido del demandante (como sucedía con la Regla 18(*b*) erróneamente aplicada en el caso de *Sánchez* v. *Corte,* supra, según resolvimos en *Pueblo* v. *Rodríguez,* supra), no sean aplicables a las acciones así acumuladas? En otras palabras, si de acuerdo con las Reglas 42(*b*)([2]) y 54(*b*),([3]) la corte puede ordenar juicio por separado de cualquier reclamación o de cualquier controversia y puede dictar sentencia sobre dicha reclamación o controversia, continuando pendiente

([2])"Regla 42(*b*).—*Juicios por Separado.*—La corte, por razón de conveniencia, podrá ordenar un juicio por separado de cualquier reclamación, reclamación recíproca, reconvención o reclamación de tercero, o de cualquier controversia por separado, o de cualquier número de reclamaciones, reclamaciones recíprocas, reconvenciones, reclamaciones de tercero o controversias."

([3])"Regla 54(*b*).—*Sentencia en Distintas Etapas.*—Cuando en una acción se presenten varias reclamaciones, la corte en cualquier etapa de la misma, al determinar los puntos esenciales de una reclamación específica y de todas las reconvenciones que surjan de la transacción o evento que sean objeto de la reclamación, podrá dictar sentencia sobre dicha reclamación. La sentencia pondrá término a la acción en lo que se refiere a la reclamación así resuelta, y la acción continuará en cuanto a las reclamaciones restantes. En el caso de que se dicte una sentencia por separado, la corte podrá mediante orden suspender su ejecución hasta que se dicten una o más sentencias subsiguientes y podrá prescribir las condiciones que sean necesarias para garantizar el beneficio de la misma a la parte en cuyo favor se dictó la sentencia."

cualquier otra reclamación, no vemos razón para que, en el presente caso, habiendo la demandante acumulado propiamente las acciones de filiación y alimentos, no pueda la corte, independientemente del artículo 618 del Código de Enjuiciamiento Civil, ordenar que la reclamación de alimentos se vea una semana antes de la fecha señalada para la vista del caso (suponemos que la corte se refiere a la moción sobre sentencia sumaria) de filiación.

La Regla 42(b), supra, no está limitada, como sostiene el peticionario a casos "en que se han entablado reclamaciones recíprocas, reconvenciones o contrademandas" sino que autoriza, además, un juicio por separado "de cualquier reclamación" o "de cualquier controversia" y la Regla 54(b), supra, autoriza que se dicte sentencia por separado de cualquier "reclamación específica". Moore, al comentar la Regla 54(b), se expresa en esta forma:

". . . Es aparente que una corte tiene que tener amplios poderes para ordenar juicios por separado y la Regla 42(b) ha conferido ese poder tanto en cuanto a controversias envueltas en una causa de acción como en distintas causas de acción. La función de la Regla 54(b) es complementar dicha regla en tal forma que á la corte se le da amplio poder para dictar sentencia por separado, pero restringido de manera que la jurisdicción apelativa no sea afectada." 3 Moore's *Federal Practice*, 3156–57.

Y véanse en *Collins* v. *Metro-Goldwyn Pictures Corporation*, 106 F.2d 83, (C.C.A. 2d, 1939), tanto la opinión de la corte por voz del Juez Hand, como la concurrente del Juez Clark.

El peticionario ha discutido este caso primordialmente como uno en que la corte ha ordenado la tramitación de la reclamación de alimentos por la vía sumaria del desahucio, independientemente de la acción de filiación y sostiene que una vez acumuladas dichas acciones, su trámite debe continuar como una sola acción. Es cierto que originalmente un juez sustituto ordenó la celebración de la primera comparecencia en cuanto a la reclamación de alimentos, pero, solicitada la

reconsideración por el demandado, dejó sin efecto dicho señalamiento. De nuevo se solicitó la reconsideración, esta vez por el demandante, y fué como resultado de dicha moción que se dictó la resolución recurrida, la cual, en lo pertinente, dice:

". . . Oídas las partes la Corte señala el día 11 de febrero de 1949 a las 9 A. M. para la vista de la acción de alimentos y para el día 18 de febrero de 1949 a las 9:00 A. M. para la vista del caso en cuanto a la filiación."

Como puede verse la corte inferior no ordenó la celebración de una primera comparecencia en la acción de alimentos sino que la señaló para vista una semana antes de la señalada para la de filiación. Ya en autos constaba la contestación del demandado a la acción de alimentos, en pieza separada a su moción sobre sentencia sumaria en cuanto a la de filiación. Bajo estas circunstancias no erró la corte al ordenar juicios por separado ya que la Regla 42(b), supra, le concede discreción para hacerlo y, tratándose de una reclamación de alimentos, no abusó de dicha discreción al así hacerlo.

Ahora bien, en cuanto a la cuestión planteada por el peticionario, creemos que tiene razón, es decir, que acumuladas estas dos acciones deben tramitarse ambas por la vía ordinaria de acuerdo con las Reglas de Enjuiciamiento Civil y por tanto, las cortes tienen discreción para ordenar un juicio por separado en cuanto a la de alimentos y dictar sentencia por separado en cuanto a dicha controversia. Dicha sentencia es apelable aun cuando la apelación no impedirá su ejecución bajo el artículo 618 del Código de Enjuiciamiento Civil. *Cerra* v. *Corte*, supra.

*Debe anularse el auto expedido.*