CARMEN GARCÍA PRÍNCIPE, como madre con patria potestad sobre su hijo menor JOSÉ GARCÍA, demandante y apelado, *v.* JOSÉ MELÉNDEZ LÓPEZ, demandado y apelante.

Número 10709.

*Sometido:* 1 de diciembre de 1952. *Resuelto:* 10 de diciembre de 1952.

*Víctor A. Coll,* abogado del apelante; *José R. Fournier,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del tribunal.

Carmen García Príncipe, como madre con patria potestad sobre su hijo menor José García, instó demanda en reclamación de alimentos contra José Meléndez López, ante la Sección de Bayamón del anterior Tribunal de Distrito de Puerto Rico. En su contestación el demandado negó que el referido menor sea hijo suyo y que haya sido procreado en relaciones habidas entre él y Carmen García Príncipe. Negó además haber vivido en concubinato con la referida madre del menor demandante.

Celebradas las dos comparecencias de rigor y practicada la prueba de ambas partes, la corte a quo dictó sentencia declarando que "el niño José García, conocido también por José Cruz, es hijo de José Meléndez López, habido en relaciones sexuales con Carmen García Príncipe y que su nombrado padre está en la obligación de alimentarlo, por lo que lo condena a pasarle diez dólares ($10) semanales." La sentencia incluye además el pago de honorarios de abogado.

En apelación el demandado imputa a la corte sentenciadora la comisión de los siguientes errores:

### "Primer Error.

"El tribunal a quo erró al declarar con lugar la demanda en este caso, ya que la prueba presentada por la parte demandante no justifica la sentencia dictada.

### "Segundo Error.

"El tribunal a quo erró al declarar con lugar la demanda al apreciar erróneamente la prueba y al llegar a inferencias y deducciones erróneas movidas por parcialidad, pasión y prejuicio, que hacen insostenible la conclusión a que llegó el tribunal en su sentencia.

### "Tercer Error.

"El tribunal a quo cometió error de derecho al no dar cumplimiento al artículo 227 del Código de Enjuiciamiento Civil de Puerto Rico."

Los dos primeros errores pueden discutirse conjuntamente ya que ambos van dirigidos a la apreciación de la prueba.

■ Una lectura cuidadosa de la transcripción de evidencia elevada a este Tribunal revela que la prueba fué contradictoria en cuanto a la paternidad del menor demandante, que es en realidad, la cuestión fundamental envuelta en este litigio. La del demandante tendió a demostrar que en el año 1940, Carmen García Príncipe comenzó a vivir como marido y mujer con el demandado José Meléndez López, en una casa sita en la calle Betances del Barrio Obrero de Santurce; que el canon de arrendamiento de esa casa lo

pagaba Carmen con dinero que para ello le daba su concubino Meléndez López; que como consecuencia de esas relaciones quedó encinta dicha Carmen García Príncipe, naciendo el menor demandante el día 10 de abril de 1943 en el Hospital de Maternidad de Santurce; que antes el demandado le pasaba alimentos a dicho niño pero que ahora no; que cuando dejó de pasar esos alimentos, la madre del menor se fué a vivir en concubinato con otro hombre llamado Casiano Cruz; que el menor demandante fué registrado en una escuela pública en Cataño con el apellido "Cruz".

Por otro lado, la prueba del demandado tendió a demostrar que dicho demandado nunca vivió en concubinato con Carmen García Príncipe aunque sí sostuvo relaciones sexuales con ella durante un período de cuatro o cinco meses; que el demandado iba a la casa de Carmen y se la llevaba en su automóvil para tener con ella tales relaciones sexuales; que nunca vivió con ella bajo techo; no supo que ella hubiera quedado encinta; que tampoco tuvo conocimiento del nacimiento del menor demandante, ni nunca fué requerido para que le pasara alimentos; que cuando salió por vez primera con Carmen, ésta no era señorita porque ya había salido con otros hombres; que el menor demandante fué registrado en una escuela pública con el nombre de José Alexis Cruz, habiendo suministrado tal nombre a la profesora de dicha escuela la propia madre del menor; que en esa misma escuela estudiaba otro niño de nombre Rafael Cruz que era hermano de madre del demandante.

Al resolver que el menor demandante es hijo del demandado José Meléndez López, el tribunal sentenciador dirimió el conflicto de la prueba en contra de dicho demandado. La prueba creída por el tribunal a quo es suficiente para sostener su sentencia. Véase *Pueblo* v. *Rodríguez*, 67 D.P.R. 735. En repetidas ocasiones hemos dicho que resuelto el conflicto en la prueba a favor de un litigante, si la de éste sostiene la sentencia dictada no alteraremos la conclusión del tribu-

nal a quo, en ausencia de demostración de error manifiesto, o de que al así apreciarla actuó movida por pasión, prejuicio o parcialidad. *Pueblo* v. *Rodríguez*, supra, y casos en él citados a la página 740 y *Peña* v. *Sucn. Blondet*, 72 D.P.R. 9.

■■ Sin embargo, el apelante imputa al juez sentenciador haber apreciado erróneamente la prueba llegando a conclusiones erróneas movido por pasión, prejuicio y parcialidad. El récord no demuestra que ello sea así. Tres incidentes señala el apelante en apoyo de esa contención. Mientras declaraba la abuela materna del menor demandante y al referirse a éste como Alexis Cruz el juez sentenciador le preguntó que quién era el señor Cruz, contestando la testigo "allí está." Entonces el juez mandó a pasar a estrado a esa persona y le preguntó cuál era su ocupación, contestando que era agricultor y propietario. A esto siguió un comentario del juez en el sentido de que no podía haber interés en el asunto porque ese hombre tenía dinero. Se queja el apelante de que el juez sentenciador no le dió oportunidad de contrainterrogar al Sr. Casiano Cruz. Aparte de que el demandado no formuló objeción al procedimiento seguido, o a las preguntas formuladas por el Juez, ninguna gestión hizo para interrogar él a Casiano. No puede, por lo tanto, de ello quejarse ahora.

El otro incidente se refiere a la descripción física que hizo de Casiano Cruz, el juez sentenciador. Es cierto que el abogado del apelante manifestó que objetaba la descripción hecha por el juez, mas no indicó en qué consistía el error o inexactitud en que había incurrido dicho juzgador al hacer tal descripción. De todos modos, ninguno de estos incidentes demuestra que el juez sentenciador actuara movido por pasión, prejuicio o parcialidad. Finalmente se queja el apelante de que la corte a quo, sin motivo justificado para ello, dejó de creer el testimonio de su testigo Nora Esther Soto. Esta testigo, quien es profesora de instrucción pública, declaró que la madre del demandante registró

a éste en su escuela con el nombre de "José Alexis Cruz." El tribunal a quo pudo dar entero crédito a esta testigo y, sin embargo, llegar a la misma conclusión de que el menor demandante es hijo del demandado apelante. La madre del niño explicó por qué lo registró en la escuela con el apellido "Cruz" y tal explicación satisfizo aparentemente al juez sentenciador. Su explicación no es ilógica ni irrazonable, y por tanto no debemos nosotros rechazarla.

Lejos de revelar el récord que el juez del tribunal a quo actuó movido por pasión, prejuicio y parcialidad, demuestra que dicho magistrado, según él mismo manifestó, es buen amigo del demandado de quien ha sido compañero de viajes y con quien ha convivido, primero en una misma ciudad de Puerto Rico, y después en hoteles de otros países. Antepuso su deber y su conciencia de juzgador a esa amistad y dictó la sentencia que a su juicio era la justa.

■ No se han cometido, pues, los dos primeros errores. Tampoco se cometió el tercero. Si bien en este caso no se ha cumplido estrictamente con el artículo 227 del Código de Enjuiciamiento Civil, (¹) la sentencia de la corte a quo, en cuanto a la cuestión fundamental envuelta en el recurso, cumple sustancialmente con el mismo. Como dijimos en *Santiago v. Martínez*, 72 D.P.R. 934, interpretando la Regla 52 (a) de las de Enjuiciamiento Civil, (²) que es sustancialmente igual al citado artículo 227, "El fin primordial de esa regla, que ha de ser cumplida estrictamente por los juzgadores, no es otro que poner a esta corte en condiciones de

(¹) Dicho artículo dispone, en su parte pertinente, lo siguiente:

"En el juicio definitivo de cualquier caso en una corte de distrito, el juez de la misma, deberá hacer y archivar al mismo tiempo que dicte su sentencia, una opinión escrita, que se unirá a aquélla, en la que expondrá separadamente y de una manera breve, los hechos que considere probados y las razones jurídicas en que funde su decisión . . ."

(²) La Regla 52 (a) de las de Enjuiciamiento Civil, en lo aquí pertinente, provee:

". . . En todos los casos la corte expondrá los hechos que estime probados y separadamente consignará sus conclusiones de derecho y ordenará que se anote la sentencia correspondiente; . . ."

poder determinar si las conclusiones de hechos y de derecho a que llegó el tribunal sentenciador estuvieron justificadas o no. *Santana* v. *García,* 71 D.P.R. 142; *Varela* v. *Fuentes,* 70 D.P.R. 879. Empero, si bien en este caso no se cumplió estrictamente con lo preceptuado en ella, sin embargo, ha habido cumplimiento sustancial de la misma y siendo ello así es preferible no devolver el caso al tribunal sentenciador con el propósito de que éste haga tales conclusiones. *Cáceres* v. *García,* 71 D.P.R. 406, 408."

*Debe confirmarse la sentencia apelada.*