ANA GARCÍA, en su carácter de madre con patria potestad de la menor JUANA GARCÍA, demandante y apelada, v. FERNANDO ACEVEDO, demandado y apelante.

Número 11126.

*Sometido:* 1 de marzo de 1955. *Resuelto:* 16 de agosto de 1955.

612

*E. Martínez Rivera* y *E. Martínez Jr.,* abogados del apelante; *José E. Bosch Roqué* y *Luis Archilla Laugier,* abogados de la apelada.

EL JUEZ PRESIDENTE SEÑOR SNYDER emitió la opinión del Tribunal.

Ana García, como madre con patria potestad sobre su hija menor Juana García, instó demanda de filiación y alimentos contra Fernando Acevedo ante la anterior Corte de Distrito. Esta es la tercera vez que el caso llega a este Tribunal. En un recurso de *certiorari* sostuvimos la actuación de la anterior Corte de Distrito al ordenar que la reclamación de alimentos se viera por separado y antes de la acción de filiación, que se acumuló con la de alimentos. *Acevedo* v. *Corte,* 70 D.P.R. 94. De conformidad con nuestra resolución el caso se vió luego ante la anterior Corte de Distrito *únicamente en cuanto a la reclamación de alimentos.* El tribunal sentenciador dictó sentencia a favor del demandado.

En apelación revocamos esta sentencia en opinión *per curiam* del 21 de diciembre de 1951. *García* v. *Acevedo*, Núm. 10382, Acción de Alimentos. La revocación tuvo lugar debido a los siguientes hechos: El demandado radicó una contestación dirigida exclusivamente a la reclamación de alimentos. La contestación incluía una defensa especial al efecto de que la demandante sólo podía demandar en alimentos a Augusto Rolón con quien, según el demandado, estaba aún casada Ana García cuando la menor nació en 1931. Además, el tribunal sentenciador le permitió al demandado durante el juicio —después de enmendar su contestación—presentar una copia fotostática de la declaración jurada hecha por la madre y por Julián Figueroa cuando se casaron en 1939 en la que Figueroa manifestó "que la contrayente y yo hemos procreado cinco (5) hijos llamados, *Juanita*, Juanito, Julio, Paquita, y Ramón Luis, que por la presente legitimamos" (bastardillas nuestras), y en la que la madre juraba que lo que Figueroa había dicho era la verdad. En nuestra opinión *per curiam* rechazamos la contención de la demandante de que el tribunal sentenciador cometió error al permitirle al demandado enmendar su contestación a ese efecto y al admitir esta prueba. También diferimos de la demandante en que el demandado no podía establecer las defensas inconsistentes de que la menor era hija legítima de Rolón por el primer matrimonio y en la alternativa hija legitimada de Figueroa por el segundo matrimonio. Sin embargo, resolvimos que el tribunal sentenciador erró al rechazar la declaración de Figueroa con respecto a si él era en efecto el padre de Juana, a quien él y su madre pretendieron legitimar cuando se casaron. Y devolvimos el caso para un nuevo juicio.

Durante el nuevo juicio las partes estipularon que el tribunal Superior decidiría el caso a base de la transcripción hecha en el juicio anterior, y además la declaración de Figueroa que fué excluída en el primer juicio. *Nada se dijo sobre la acción de filiación*. Posteriormente, el tribunal sentenciador dictó unas conclusiones de hechos y de derecho en que

decía: "Este caso se titula 'Filiación y Alimentos' pero lo que ahora resolvemos no es la Filiación sino más bien la acción sobre alimentos."

Las referidas conclusiones continúan así:

"Convencidos estamos de que la menor Juana García fué legitimada por Julián Figueroa sin que ella fuera su hija. Al contraer matrimonio Julián Figueroa con Ana García no solamente cumplió con su deber de legitimar a sus propios hijos, sino que no tuvo reparos de dar apellido a una criatura que él sabía que no era su hija.

"Es también convencimiento íntimo que tiene el juzgador que esta menor que se llama Juana García es el producto de relaciones sexuales habidas entre el demandado Acevedo y Ana García. Por ello decimos que Fernando Acevedo siendo el padre de la menor Juana García tiene la obligación moral y de ley de darle los alimentos. Además, habiendo llegado el Tribunal a la conclusión de hecho de que la menor Juana García es hija de Fernando Acevedo, ella, como cuestión de Ley, tiene derecho a llevar el apellido de su padre. Por lo que la sentencia en este caso dispondrá también que en el Registro Demográfico de Bayamón se tome nota en el sentido de que la niña conocida por Juana García o Juana Figueroa, y quien naciera en Bayamón, Puerto Rico, el día 11 de julio de 1931, debe ser inscrita con el nombre de Juana Acevedo, hija de Fernando Acevedo y Ana García."

En su sentencia el tribunal sentenciador (1) ordenó a Acevedo que pagara a Ana García como alimentos para la menor la suma de $20 semanales desde la fecha de la radicación de la demanda; (2) dispuso que la niña fuera inscrita en el Registro Demográfico de Bayamón como hija de Fernando Acevedo y de Ana García; y (3) concedió a la demandante las costas y $300 para honorarios de abogado.

■■ El primer señalamiento es que el tribunal sentenciador erró al denegar una moción sobre sentencia sumaria en cuanto a la filiación. Sostiene el demandado que los documentos presentados por él en apoyo de su moción demuestran que el divorcio de Ana García y de Augusto Rolón en 1930 era nulo y que de todos modos la menor nació dentro de los 300 días de disuelto el matrimonio. Sin embargo, como he-

mos visto, ante el Tribunal Superior sólo se vió la acción de alimentos. La resolución del tribunal declarando sin lugar la moción sobre sentencia sumaria no es apelable y como cuestión de hecho no fué apelada. La cuestión suscitada por la moción sobre sentencia sumaria no está en consecuencia ante nos. *Rodríguez* v. *Ramos*, 73 D.P.R. 6.

■ Como hemos visto, el juicio ante el Tribunal Superior sólo envolvía la acción de alimentos. Y durante el juicio el demandado no ofreció prueba para sustanciar su defensa especial—incluída en la contestación a la acción de alimentos—de que la madre todavía estaba casada con Rolón cuando nació la niña. Por tanto, el tribunal sentenciador tampoco cometió error alguno sobre esa cuestión en lo que ésta pudo afectar la acción sobre alimentos.(¹)

---

(¹) En su moción sobre sentencia sumaria *en cuanto a la acción de filiación* el demandado sostuvo (1) que la declaración jurada de Ana García a base de la cual se dictó la orden de emplazamiento por edictos era defectuosa porque el juramento fué administrado por el Secretario de la entonces Corte Municipal de Bayamón, (2) que los hechos que surgen de la declaración jurada eran insuficientes para poder basar una orden de emplazamiento por edictos, y (3) que el divorcio no era firme porque Rolón nunca fué emplazado del mismo. Como se indica en el texto de esta opinión, no llegamos a estas contenciones—o a las posibles contestaciones a las mismas—ya que el caso de filiación no está ante nos.

Si el demandado hubiera ofrecido alguna prueba *en el juicio de la acción de alimentos* tendente a demostrar que el divorcio obtenido por la madre contra Rolón era nulo, entonces tendríamos que determinar si el demandado tenía derecho a hacer tal ataque colateral contra el divorcio dentro de la acción de alimentos. Además, aunque fuere posible tal ataque y aunque el demandado hubiera probado que el divorcio era nulo, entonces nos confrontaríamos con la cuestión de si la menor era presuntamente hija legítima de Rolón a tenor con los arts. 113 y 116 del Códlgo Civil y quién podría impugnar esta presunción. *Cf. Agosto* v. *Javierre*, 77 D.P.R. 471, resuelto el 30 de noviembre de 1954; *De Jesús* v. *Abbot*, 77 D.P.R. 516, 520, escolio 1, resuelto el 30 de noviembre de 1954. A este respecto notamos de paso: (1) la copia certificada de la sentencia de divorcio—adherida a la moción del demandado sobre sentencia sumaria en cuanto a la acción de filiación—demuestra que la madre obtuvo un divorcio de Rolón por la causal de abandono; (2) en una declaración jurada que acompañaba la oposición de la demandante a la referida moción sobre sentencia sumaria, Rolón juró que había estado viviendo en Nueva York, separado de Juana García. desde el 1926.

■ Los errores segundo, tercero y cuarto se relacionan con la admisión en evidencia del testimonio de la madre y de Figueroa al efecto de que la menor no era de hecho hija de ellos, no empece las declaraciones juradas suscritas por ellos el día en que se casaron. En nuestra opinión *per curiam* en el caso núm. 10382 resolvimos que esta prueba era admisible. Por los motivos expuestos en nuestra opinión, nos adherimos a dicho criterio.

■ Los señalamientos quinto y sexto son en sustancia que el tribunal sentenciador cometió error al apreciar las declaraciones de Figueroa y de la madre. Nada encontramos en dichas declaraciones que nos permita decir que el tribunal sentenciador debió rechazarlas.

■■ El séptimo señalamiento es que el tribunal sentenciador cometió error "al condenar al demandado a pagar una pensión alimenticia a la demandante no obstante que a la fecha del juicio, en 8 de abril de 1953 y a la fecha de la sentencia, en 20 de abril de 1953, la demandante había cumplido su mayoría de edad y desde el 11 de julio de 1952 estaba emancipada y capacitada para ejercer un oficio y al dejar de aplicar lo dispuesto en el artículo 153, del Código Civil."

Es cierto que la menor nació el 11 de julio de 1931 y por consiguiente llegó a la mayoría de edad en 1952. Pero esta cuestión, levantada por primera vez por el demandado ante este Tribunal, no fué suscitada ante el tribunal a quo antes de sentencia. Aun de haberlo sido, la menor hubiera tenido derecho a los alimentos hasta que fuera mayor de edad. Y el que la menor tuviera derecho a los alimentos aun después de ser mayor de edad depende de las circunstancias del caso. *Molini* v. *Tribl. de Distrito*, 72 D.P.R. 945. Por los motivos que expondremos más adelante, dicha cuestión será resuelta por el Tribunal Superior al devolvérsele el caso.

■ En el octavo señalamiento el demandado se queja de la actuación del tribunal sentenciador al imponerle el pago de una pensión alimenticia desde la fecha de radicación de la demanda el 2 de diciembre de 1948. No encontramos error al-

guno a este respecto. El art. 147 del Código Civil, ed. de 1930, claramente prescribe dicho pago. *Rodríguez* v. *Morales*, 72 D.P.R. 35.

█ El noveno error es que la sentencia "es contraria a la prueba y no se ajusta a la ley aplicable". Bajo este señalamiento el demandado impugna la apreciación que de la prueba hizo el tribunal sentenciador. Creemos que la evidencia fué suficiente para probar la paternidad. Esto es todo lo que se exige a fin de justificar una decisión a favor de un menor demandante en un caso de alimentos. *Pueblo* v. *Rodríguez*, 67 D.P.R. 735; *Pueblo* v. *López*, 67 D.P.R. 780; *Montañez* v. *Rodríguez*, 69 D.P.R. 867; *Armaiz* v. *Santamaría*, 75 D.P.R. 579.

█ Aun cuando el demandado no señala específicamente un error a este respecto, el tribunal sentenciador cometió un claro error al ordenar se inscribiera a Juana con el apellido del demandado y darle el derecho de usar dicho apellido. Esta cuestión debe dilucidarse en relación con la acción de filiación, la cual como hemos visto todavía no se ha sometido al Tribunal Superior. *Rodríguez* v. *Ramos*, supra. La sentencia será modificada para que así lo disponga.

█ Luego de apelada la sentencia en este caso, el demandado radicó una moción ante el Tribunal Superior el 1 de junio de 1953, llamando la atención por primera vez hacia el hecho de que la menor había llegado a la mayor edad el 11 de julio de 1952 y solicitaba se le relevara del pago de los alimentos. El tribunal sentenciador dictó resolución declarando sin lugar esta moción, aparentemente por el fundamento de que carecía de jurisdicción mientras el caso estuviera pendiente ante el Tribunal Supremo. El demandado apeló de dicha resolución. Convenimos en que el tribunal sentenciador erró al negarse a considerar la moción del demandado. Como una resolución o sentencia de alimentos siempre está sujeta a ser modificada si se demuestra que las condiciones han variado, el tribunal sentenciador tiene la facultad por motivos justificados de modificar sus términos en

cuanto al futuro, no obstante el hecho de que se halle pendiente ante este Tribunal una apelación contra dicha resolución o sentencia. Véanse *Ortiz* v. *Viera*, 61 D.P.R. 514; *López* v. *Benítez*, 64 D.P.R. 282, y casos citados; *Valdés* v. *Tribunal de Distrito*, 67 D.P.R. 310, 313, escolio 2; *Falcón* v. *Cruz*, 67 D.P.R. 530, 533–34; *Montañez* v. *Rodríguez*, supra; *Molini* v. *Tribunal de Distrito*, supra. Por consiguiente revocaremos la resolución del Tribunal Superior que declaró sin lugar la moción del 1 de junio de 1953 para que se modificara la sentencia sobre alimentos y se le ordenará que determine si bajo las circunstancias el demandado viene obligado a seguir pasando alimentos a Juana después del 1 de junio de 1953, fecha en que radicó su moción solicitando se le relevara del deber de suministrarle alimentos. Véanse *Molini* v. *Tribunal de Distrito*, supra; *Rodríguez* v. *Morales*, supra.

*La resolución del Tribunal Superior negándose a considerar la moción del 1 de junio de 1953 para que se modificase la sentencia de alimentos será revocada. La sentencia del Tribunal Superior sobre alimentos será confirmada, en tanto en cuanto dispone (1) alimentos de $20 semanales desde el 2 de diciembre de 1948, fecha de la radicación de la demanda, hasta el 1 de junio de 1953, y (2) costas y $300 para honorarios de abogado. La sentencia será modificada (1) eliminándole la disposición de que se inscriba a Juana en el Registro Demográfico como hija de la madre y del demandado, y (2) ordenándole al Tribunal Superior que considere la cuestión de alimentos después del 1 de junio de 1953. Así modificada, la sentencia será confirmada, y el caso devuelto al Tribunal Superior (1) para que determine qué disposición, de haber alguna, debe hacerse para que el demandado suministre alimentos a Juana con posterioridad al 1 de junio de 1953, y (2) para que se vea la acción de filiación.*

El Juez Asociado Sr. Marrero no intervino.

Los Jueces Asociados Sres. Sifre y Pérez Pimentel disintieron.