ALCAIDE, DEMANDANTE Y APELADA, *v.* ALCAIDE, DEMANDADO Y
APELANTE.

APELACIÓN procedente de la Corte de Distrito de Guayama,
en pleito sobre alimentos provisionales.

No. 1507.—Resuelto en mayo 22, 1917.

ALIMENTOS PROVISIONALES—FILIACIÓN—RECONOCIMIENTO POR NOTA MARGINAL EN
EL ACTA DE NACIMIENTO.—Sea cual fuere el alcance del precepto de la ley
provisional del registro civil para las Islas de Cuba y Puerto Rico que estuvo
vigente, que ordena que firmada una inscripción no podrá hacerse en ella
rectificación, adición ni enmienda que altere sustancialmente el acto a que
se refiera, sino en virtud de ejecutoria del tribunal competente, con audiencia
del ministerio fiscal, nunca se podrá invocar con buen éxito para impugnar
una reclamación sobre alimentos provisionales en que para la justificación de
la filiación reconocida, determinante del derecho pedido, se aduce como prueba,
sin oposición alguna, un documento público de reconocimiento, como lo es
el acta de nacimiento de la persona con derecho a los alimentos con nota del
reconocimiento inserta al margen, suscrita por el padre y testigos ante el
juez municipal y su secretario.

ID.—COSA JUZGADA—ALIMENTOS DEFINITIVOS.—La sentencia que se dicta en un
juicio sobre alimentos provisionales no produce excepción de cosa juzgada,
y siempre queda a salvo el derecho de las partes a promover el juicio plenario
de alimentos definitivos, ventilando en él por los trámites del declarativo
correspondiente tanto el derecho de pedirlos como la obligación de darlos y
su cuantía.

ID.—NULIDAD DE RECONOCIMIENTO—PRUEBA DEL RECONOCIMIENTO.—Habiendo otro
pleito pendiente, sobre nulidad del reconocimiento, en él pueden tener cabida
cuantos motivos tenga el actor para sostener la nulidad, y mientras ésta no
se decrete, es prueba suficiente para otorgar el derecho a los alimentos pro-
visionales el acta de nacimiento con la nota marginal de reconocimiento en
la forma expuesta.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Alvarez Nava & Domínguez.*

Abogado de la apelada: *Sr. Manuel Benítez Flores.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión
del tribunal.

Esta es una apelación interpuesta por el demandado Si-
món Antonio Alcaide contra sentencia que en 9 de marzo de
1916 pronunció la Corte de Distrito de Guayama ordenando
que dicho demandado pase a la demandante María de los
Dolores Alcaide y Morales una pensión alimenticia de $50

mensuales por adelantado a contar desde la interposición de la demanda. Esta fué radicada en 13 de septiembre de 1915.

En la demanda, jurada por el defensor judicial de la menor demandante, se alega como hecho fundamental que la demandante, de 17 años de edad, es hija natural reconocida de Simón A. Alcaide y de María Morales, apareciendo inscrita como tal en el registro civil de Guayama, y en virtud de esa alegación y de las demás atinentes en acciones de tal naturaleza, se pide que se condene al demandado a pagar a la demandante una pensión alimenticia de $100 mensuales.

El demandado se opuso a la demanda, y seguido el juicio por los trámites del de desahucio según previene el artículo 84 de la ley referente a procedimientos legales especiales, aprobado en marzo 9 de 1905, recayó sentencia en los términos que dejamos expresados.

Sostiene la parte apelante en apoyo del recurso, que la corte de Guayama cometió error al considerar los documentos aportados al juicio por la demandante como constitutivos del reconocimiento de hija natural hecho por el demandado a favor de ella, pues entiende que el reconocimiento no se hizo por ninguno de los medios que establece el artículo 131 del Código Civil español vigente en la fecha en que tal reconocimiento se practicara.

La única prueba aportada al juicio del reconocimiento de la demandante como hija natural del demandado, es el acta de la inscripción de su nacimiento en el Registro Civil de Arroyo, levantada en 21 del mes de marzo de 1898 ante el juez municipal y su secretario, en cuya acta se hace constar mediante declaración de María Morales que la María de los Dolores nació en 23 de diciembre del año anterior y es hija natural de la declarante, apareciendo inserta al margen de dicha acta una nota que dice así:

"*Nota.*—En 3 de octubre de 1900, siendo las 10 de la mañana, ante Don José García Salinas, Juez Municipal, y Don José Aponte Hernández, compareció Don Simón A. Alcaide y Baiz, natural de

este pueblo, de 35 años de edad, soltero, propietario y domiciliado en la calle Morse, de esta localidad y expuso: que la niña inscrita en la presente acta, María de los Dolores, la reconoce como hija natural suya, de conformidad con el artículo 131 del Código Civil vigente. Que son abuelos por línea paterna Don Antonio J. Alcaide y Doña Estela Baiz, natural el primero de Andalucía y la segunda de Arroyo, ambos difuntos, todo lo cual declaró ante los testigos Don Eugenio C de Manatou y Don Nazario Antonetti, mayores de edad y vecinos de este pueblo, solteros y empleados, y firman con el declarante luego del señor juez, y certifico. García Salinas. S. A. Alcaide. E. C. Manatou. Nazario Antonetti. José Aponte. Hay un sello que dice: 'Juzgado de primera instancia, Guayama.' Hay otro que dice: "Juzgado Municipal de Arroyo, P. R.' "

Esa prueba fué traída al juicio sin oposición ni objeción alguna por parte del demandado, y a su resultado debe éste atenerse. *Falero* v. *Falero et al.,* 15 D. P. R. 118; *Belber* v. *Calvo,* 16 D. P. R. 360; *El Pueblo* v. *Silva,* 17 D. P. R. 607; *Coto* v. *Rafas et al.,* 18 D. P. R. 508; *Hernández* v. *F. Carrera & Hermano et al.,* 22 D. P. R. 538. De ella resulta como un hecho real indiscutible que el demandado por su propio impulso, voluntaria y espontáneamente, compareció ante el Juez Municipal de Arroyo, su secretario y dos testigos, y en acta levantada a su requerimiento y suscrita por todos el 3 de octubre de 1900, reconoció como hija natural suya a María de los Dolores, la demandante, inscribiéndose ese reconocimiento por medio de nota al margen de la partida de nacimiento de la demandante.

Hubo un acto solemne y auténtico del reconocimiento de la demandante, del cual quedó constancia fehaciente en el Registro Civil de Arroyo, y ese reconocimiento, que no ha sido argüido de falso, tiene que surtir todos sus efectos legales. *Pérez Villamil et al.* v. *Romano et al.,* 19 D. P. R. 875; *Iturrino* v. *Iturrino,* 24 D. P. R. 467.

Afirma la parte apelante que el reconocimiento que se pretendió hacer de la demandante en su acta de nacimiento no puede sufrir efectos legales, toda vez que la ley provisional del registro civil para las islas de Cuba y Puerto Rico,

cntonces vigente, ordena que firmada una inscripción no podrá hacerse en ella rectificación, adición ni enmienda que altere sustancialmente el acto a que se refiera, sino en virtud de ejecutoria del tribunal competente, con audiencia del ministerio fiscal. Sea cual fuera el alcance del anterior precepto en un pleito sobre nulidad de reconocimiento, nunca se podrá invocar con buen éxito para impugnar una reclamación sobre alimentos provisionales en que para la justificación de la filiación reconocida, determinante del derecho pedido, se aduce como prueba, sin oposición alguna, un documento público de reconocimiento, como lo es el acta que dejamos transcrita. La sentencia que se dicta en un juicio sobre alimentos provisionales no produce excepción de cosa juzgada, y siempre queda a salvo el derecho de las partes para promover el juicio plenario de alimentos definitivos, ventilando en él por los trámites del declarativo correspondiente tanto el derecho de pedirlos como la obligación de darlos y su cuantía.

El demandado en su contestación hizo la alegación de que existe otro pleito pendiente ante la misma corte de Guayama, cuyo resultado determinaría el verdadero estado civil de la demandante, y la prueba aportada sobre el particular por el propio demandado muestra que en 17 de septiembre de 1915, después de radicada la demanda que originó el presente caso, se registró en la secretaría de aquella corte una demanda de Simón A. Alcaide contra María Morales, en la que el actor solicita se decrete la nulidad del reconocimiento hecho por Alcaide a favor de la Morales. En ese pleito pueden tener cabida cuantos motivos tenga el apelante para sostener la nulidad del reconocimiento, y mientras la nulidad no se decrete tenemos que considerar la prueba aportada al presente juicio como suficiente para otorgar a la demandante el derecho que reclama. Véase el caso de *Manrique de Lara* v. *Garrosi*, 23 D. P. R. 408.

  Es de confirmarse la sentencia apelada.

                       *Confirmada la sentencia apelada.*

  Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.