TOMÁS MOLINI RUIZ, peticionario, *v.* TRIBUNAL DE DISTRITO DE PUERTO RICO, SECCIÓN DE ARECIBO, HON. A. LENS CUENA, JUEZ, demandado; ADELAIDA TOMASA BURGOS (hoy MOLINI), interventora.

Núm. 1911.—*Sometido:* Diciembre 3, 1951. *Resuelto:* Diciembre 29, 1951.

*Valentín Polanco de Jesús,* abogado del peticionario; *Ricardo Agraít Aldea,* abogado de la interventora, demandante en el pleito principal.

EL JUEZ PRESIDENTE SEÑOR TODD, JR., emitió la opinión del tribunal.

En el caso núm. 10,387, de Adelaida Tomasa Burgos, representada y asistida por su madre Carmen Burgos Torres, v. Tomás Molini Ruiz, sobre filiación y alimentos, esta Corte, con opinión *per curiam* dictada en 10 de mayo de 1951, confirmó la sentencia que dictó la Corte de Distrito de Arecibo declarando que la demandante debe ser tenida como hija natural reconocida del demandado al solo efecto de llevar el apellido de éste y condenando al demandado a pasarle a la demandante la suma de $60 mensuales como alimentos desde la fecha en que se radicó la demanda. Al enviarse el mandato de este Tribunal al de distrito, el demandado radicó una moción solicitando que la corte determinara hasta qué fecha el demandado debe pasar la pensión a la demandante, basando su petición en los siguientes hechos:

Que la demandante nació en 12 de marzo de 1930, de modo que el 11 de marzo de 1951 a las 12 de la noche cumplió su mayor edad y por tanto, de acuerdo con los artículos 153, 163, 232 y 247 del Código Civil, ed. de 1930, (¹) la obligación del

(¹) Estos artículos disponen:

"Artículo 153.—El padre y la madre tienen, respecto de sus hijos no emancipados:

"1. El deber de alimentarlos, tenerlos en su compañía, educarlos e instruirlos con arreglo a su fortuna, y representarlos en el ejercicio de todas las acciones que puedan redundar en su provecho.

"2. La facultad de corregirlos y castigarlos moderadamente o de una manera razonable."

"Artículo 163.—La patria potestad se acaba:

"1. Por la muerte de los padres o del hijo.

"2. Por la emancipación.

"3. Por la adopción del hijo."

"Artículo 232.—La ley reconoce cuatro clases de emancipación:

demandado de pasar alimentos a la demandante cesó tan pronto ella quedó emancipada.

Después de oír a las partes el tribunal declaró sin lugar la moción del demandado. Expedimos el auto en este caso para revisar su resolución.

■ Aun cuando el peticionario hace tres señalamientos de error, toda su contención puede sintetizarse al efecto de que siendo la demandante menor de edad cuando conjuntamente con su filiación solicitó alimentos de su padre putativo, los concedidos por la corte cesaban al llegar ella a su mayor edad. No estamos conformes.

Los alimentos solicitados y obtenidos por la interventora lo fueron a virtud del derecho a ella reconocido por el artículo 128 del Código Civil, que dispone que "Los hijos ilegítimos en quienes no concurra la condición legal de naturales, sólo tendrán derecho(²) a exigir de sus padres alimentos, conforme el artículo 143."

Y fué aplicando el artículo 143 en relación con los demás que forman el Título VII del Libro Primero del Código Civil, que trata sobre los alimentos entre parientes, que la corte, después de hacer un análisis de la cuestión planteada, resolvió que no tenía que fijar límite alguno a la disposición contenida en su sentencia condenando al demandado a pasar la cuota alimenticia a la demandante, ya que "La ley la fija claramente en esos artículos: o sea, la obligación del demandado

"1. La emancipación por concesión del padre o de la madre que ejerza la patria potestad.

"2. La emancipación por el matrimonio.

"3. La emancipación por concesión judicial.

"4. La emancipación por la mayor edad."

"Artículo 247.—La mayor edad empieza a los veinte y un años cumplidos.

"El mayor de edad es capaz para todos los actos de la vida civil, salvo las excepciones establecidas en casos especiales por este código."

(²) A virtud de la Ley núm. 229 de 12 de mayo de 1942 ((1) pág. 1297), según enmendada por la núm. 243 de 12 de mayo de 1945 (pág. 815), no hay duda de que, sin mencionarlo, el artículo 128 del Código Civil ha quedado enmendado al concederse otros derechos a los hijos ilegítimos.

cesará con la muerte del obligado, o cuando se pruebe que la demandante ya no los necesita, o alguna de las excepciones que el mismo Código señala."

El artículo 143, inciso 4, del Código Civil, tal y como quedó enmendado por la Ley núm. 449 de 14 de mayo de 1947 ((1) pág. 949), dispone que "Están obligados recíprocamente a darse alimentos, en toda la extensión que señala el artículo precedente: ...4. Los padres y los hijos ilegítimos y los descendientes legítimos, naturales e ilegítimos de éstos."

Hizo constar la corte a quo que de acuerdo con el artículo 149 del mismo cuerpo legal la obligación de suministrar alimentos cesa con la muerte del obligado, o de acuerdo con el 150, cuando surgen las demás situaciones en él provistas y que ninguna de las citadas en este último han sido probadas, pues "ni siquiera se ha intentado traer al Tribunal prueba para demostrar que ya la joven demandante no necesite la pensión alimenticia fijada por nuestra sentencia y confirmada por el Tribunal Supremo." Consignó, asimismo, la corte, el hecho de que "en el juicio se probó que la demandante es una joven muy pobre, que todavía estudia el octavo grado y que no tiene más amparo que la madre, pobre también, sin ninguna clase de rentas. Si en el futuro la demandante obtiene una colocación o cualquier medio de sostenerse por sí sola, el demandado puede entonces pedir que cese la obligación, pero no por el solo hecho de que acabe de cumplir 21 años, si todavía necesita la alimentación del padre."

Consideramos correcta la conclusión a que llegó la corte sentenciadora. Al comentar Manresa el segundo párrafo del artículo 142 del Código Civil Español, igual al 142 del nuestro,(3) 1 Manresa, Comentarios al Código Civil, 6ta. ed., 1943, págs. 666, 668, dice:

"Lo que el Código ha hecho al establecer este segundo párrafo del artículo que examinamos, es crear dos órdenes dis-

_____

(3) El artículo 142 dispone que "Se entiende por alimentos todo lo que es indispensable para el sustento, habitación, vestido y asistencia médica, según la posición social de la familia. Los alimentos comprenden también la educación e instrucción del alimentista, cuando es menor de edad."

tintos de obligaciones de parte del alimentante; unas permanentes y generales para todos los casos, que son las que se refieren a las necesidades físicas del alimentista, y otras puramente accidentales y temporales, que son las que hacen relación a las necesidades del desarrollo intelectual del mismo. *Las primeras duran toda la vida del alimentista, debiendo ser cumplidas siempre que tuviere necesidad de ellas,* a no ocurrir alguno de los casos por los que cese la obligación de prestar alimentos según el artículo 152 del presente Código, y las segundas, sólo son exigibles *durante la menor edad* del que hubiere de recibirlos." (Primeras bastardillas nuestras.)

 Habiendo resuelto este Tribunal repetidas veces que la sentencia que se dicta concediendo alimentos no constituye cosa juzgada—*Molinari* v. *López Acosta,* 20 D.P.R. 510; *Alcaide* v. *Alcaide,* 25 D.P.R. 310; *Ramírez* v. *Ramírez,* 34 D.P.R. 929; *Montañez* v. *Rodríguez,* 69 D.P.R. 867—el demandado puede, en cualquier momento en que pueda demostrar que la demandante no necesita los alimentos concedidos o que éstos son excesivos, acudir a la corte para que los mismos sean rebajados o suspendidos definitivamente.

*Debe confirmarse la sentencia.*