MARIA E. SANTANA GRANDONE
Apelada

v.

EDGARDO LOPEZ PEREZ
Apelante

Núm. KLAN-95-00339

San Juan, Puerto Rico, a 20 de junio de 1995

Panel integrado por su presidente, Juez Rossy García
y los Jueces Aponte Jiménez y Negroni Cintrón

Rossy García, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La apelación instada en el caso de epígrafe interesa la revocación de un dictamen emitido el 26 de febrero de 1993 por el Tribunal Superior, Sala de San Juan, luego de una vista sobre aumento de pensión alimenticia promovida por la aquí apelada. Mediante éste, el que fue notificado a las partes el 25 de marzo de 1993, el tribunal declaró con lugar dicha solicitud de aumento e impuso al aquí apelante el pago de una pensión alimenticia de mil doscientos dólares ($1,200.00) mensuales a ser satisfecha por el apelante, retroactivo al 11 de abril de 1991■

Inconforme el apelante con dicho dictamen, procedió a presentar moción de reconsideración, la que fue declarada no ha lugar por el tribunal de instancia■

Con este trasfondo y siendo firme y ejecutable dicho dictamen puesto que el aquí apelante no solicitó la revisión judicial del mismo, la aquí apelada procedió a solicitar de la Secretaría del Tribunal, mediante moción que presentó en el mes de enero de 1995, que se le certificara un extracto de la antes referida resolución de 26 de febrero de 1993, ello conforme a lo dispuesto en 30 L.P.R.A. secs. 1801-1806. La Secretaría, en atención a dicho requerimiento, procedió conforme le fue solicitado, archivando en autos copia de la notificación del extracto solicitado el 8 de marzo de 1995.

Con este trasfondo y notificado como fue el extracto de la resolución según indicado, el apelante de epígrafe, tomando como punto de partida la fecha del archivo en autos de tal notificación, procedió a interponer el recurso que nos ocupa. En el mismo cuestiona e impugna las determinaciones y conclusiones del tribunal de instancia y la corrección y razonabilidad de la pensión alimenticia impuesta mediante la referida resolución de 25 de marzo de 1993.█ Por los fundamentos que pasamos a exponer resolvemos que resulta procedente disponer su desestimación.

## II

El *"extracto de sentencia"* es un mecanismo bajo nuestro ordenamiento vigente que tiene a su disposición la parte *"en cuyo favor se dictare una sentencia"* para que el secretario del tribunal sentenciador certifique, bajo sello oficial y previo el pago de derechos, la parte dispositiva del dictamen. 30 L.P.R.A. sec. 1801. El propósito del extracto de sentencia es permitir a la parte vencedora en un pleito que inscriba el mismo en el *"registro de sentencias"* que debe llevar cada Registrador de la Propiedad, 30 L.P.R.A. secs. 1803-1804, constituyendo su inscripción un gravamen sobre los inmuebles del demandado no exentos de embargo. 30 L.P.R.A. sec. 1806.

El concepto *"extracto"* denota claramente, en el sentido previsto por el legislador, que no se trata de la sentencia como tal, sino de un apuntamiento o resumen de la misma. Véase, Ignacio Rivera García, *Diccionario de Términos Jurídicos,* 2da Ed. Revisada, Equity, Orford (1989), pág. 100. Por tanto, el extracto de la sentencia, aunque recoge la esencia del dictamen judicial emitido, no puede identificarse con éste, ni tener su mismo alcance y efecto procesal.

Dirigiendo nuestra atención a los hechos que dieron lugar a la radicación del recurso que nos ocupa, nos encontramos ante la peculiar situación en que la Secretaría del Tribunal de instancia archivó en autos copia de la notificación del **extracto** de la resolución, tal y como si se tratara de la resolución misma, ello a pesar de que lo único que la Ley requiere de dicho funcionario es *"extender y entregar"* al solicitante el referido extracto, 30 L.P.R.A. sec. 1801. Ello obviamente no puede tener el efecto y alcance pretendido por el aquí apelante de revivir un derecho que se extinguió como resultado de su propia inacción. Es decir, si bien es cierto que los términos jurisdiccionales para utilizar los remedios post sentencia y para recurrir en alzada comienzan a decursar desde la fecha del archivo en autos de copia de su notificación, *Pueblo v. Hernández Maldonado,* ___ D.P.R. ___ (1991), **91 J.T.S. 93,** a la pág. 9037, no puede soslayar el apelante los efectos de la previa notificación y archivo en autos de la resolución objeto del recurso ahora instado, ni la diferencia que existe entre un dictamen judicial y su extracto, para permitir la revisión judicial de un dictamen que fue emitido y notificado dos años antes y que es firme y ejecutable, viene ahora obligado el aquí apelante por los términos de dicho dictamen, ello sin perjuicio del derecho que le asiste a solicitar ante el tribunal de instancia mediante alegaciones apropiadas, una modificación de la pensión alimenticia vigente, ello de entender que han mediado cambios sustanciales significativos que justifican la reducción o modificación de la pensión impuesta.█

## III

Por los fundamentos antes consignados resulta procedente un pronunciamiento de sentencia decretando la desestimación del recurso instado en el caso de epígrafe.

Lo acuerda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

**ESCOLIOS 95 DTA 182**

**1.** Véase Apéndice al Recurso de Apelación, págs. 15-18.

**2.** Véase Apéndice al Recurso de Apelación, pág. 22.

**3.** Como sabemos, la determinación respecto a la capacidad económica del alimentante y la necesidad del alimentista es siempre una cuestión de hecho que queda generalmente al juicio prudente y a la discreción del juzgador. *García v. Acevedo,* 78 D.P.R. 611 (1955); *Molini v. Tribunal,* 72 D.P.R. 945 (1951). A su vez, *"para la determinación de los recursos económicos del obligado a pagar una pensión alimenticia, se tomará en consideración, en adición al ingreso neto ordinario, el capital o patrimonio total del alimentante".* Art. 19 de la Ley Especial de Sustento de Menores, 8 L.P.R.A. sec. 518.

**4.** Como sabemos, los decretos judiciales sobre fijación o modificación de pensiones alimenticias siempre son provisionales. No constituyen órdenes finales ni son cosa juzgada. *Brea v. Pardo,* 113 D.P.R. 217, 222 (1982); *Fenning v. Tribunal Superior,* 96 D.P.R. 615 (1968). En lo que respecta a la retroactividad de una reducción de pensión alimenticia vigente en que por alguna razón extraordinaria el alimentante se hubiera visto impedido de radicar la solicitud de reducción en tiempo (enfermedad o causa ajena a la voluntad del alimentante y totalmente fuera de su control), remitimos al apelante a lo resuelto en *Valencia y Riollano, Ex parte,* 116 D.P.R. 909 (1986).