Rivera Pérez, Juez Ponente
*853 TEXTO COMPLETO DE LA SENTENCIA
Mediante el presente recurso de Certiorari se solicita a esta Curia la revocación de una resolución dictada por el Tribunal de Primera Instancia, Sala Superior de Arecibo, el 2 de abril de 1996, archivada en autos copia de su notificación el 22 de abril de 1996, la cual impuso al peticionario la obligación del pago de una pensión alimenticia, para beneficio de sus hijos menores de edad, ascendente a la cantidad de $1,040.00 mensuales. Recurre ante nos el peticionario, luego de que solicitara reconsideración de la referida resolución ante el Tribunal de Primera Instancia y fuera declarada no ha lugar, mediante resolución de fecha 2 de abril de 1996, archivada en autos copia de su notificación el 9 de agosto de 1996. Se expide el auto solicitado y se revoca la resolución recurrida.
I
El 23 de diciembre de 1978 las partes contrajeron matrimonio, procreando en el mismo dos hijos, actualmente menores de edad. El demandante-peticionario trabajó por espacio de once (11) años como técnico de laboratorio en una compañía farmacéutica. Posee un grado universitario de bachillerato en artes, con concentración en biología.
Para el año 1988, mientras trabajaba como técnico de laboratorio en la planta farmacéutica el demandante-peticionario comenzó un negocio de diseño y decoración con plantas y jardinería, atendido desde su residencia. Más tarde el referido negocio fue ampliado, para lo cual el peticionario alquiló un local y renunció a su antiguo trabajo en la empresa farmacéutica. Una vez ampliado, le fue añadido a tal establecimiento de negocios un área para la venta de flores y artículos de decoración al detal. Luego de varias ampliaciones y su relocalización, el mismo fue cerrado el 31 de diciembre de 1995, acogiéndose a la Ley de Quiebras federal. Antes de que el establecimiento de negocios fuera cerrado, en el mismo trabajaban cinco (5) empleados, dos (2) a tiempo parcial y tres (3) a tiempo completo. El peticionario estaba encargado en dicho establecimiento de todo lo que estuviera relacionado al diseño de decoraciones y de las cotizaciones de las mismas. Además dirigía a sus empleados en la preparación y ejecución de lo que diseñaba, para llevar a cabo el proyecto. Para el 16 de noviembre de 1995, el peticionario presentó demanda de divorcio por la causal de trato cruel, la cual fue contestada por la recurrida, quien, a su vez, reconvencionó por la misma causal. Luego de celebrada la vista de alimentos por la Oficial Examinadora de Pensiones Alimenticias, la misma emitió su "Informe y Recomendaciones", documento que fue adoptado en su totalidad por el Tribunal de Primera Instancia, en su resolución de 2 de abril de 1996, notificada a las partes el 22 de abril de 1996. 
En la mencionada vista de alimentos, y según surge de la exposición narrativa aprobada por el Tribunal de Primera Instancia, testificaron ambas partes. Versó el testimonio de la demandada sobre los detalles y pormenores de la evolución, funcionamiento, operación y ganancias del negocio que tenían las partes, y sobre cuáles eran las labores de cada cual en el mismo y cómo se distribuían éstas. Se presentó como evidencia por la parte recurrida ciertos documentos, consistentes en *854 cotizaciones, facturas y bocetos realizados por el peticionario, como parte de los servicios que ofrecía su establecimiento cuando el mismo existía. Dichos documentos fueron objetados oportunamente por la parte aquí peticionaria ante el Tribunal de Primera Instancia como inadmisibles. Como fundamento a la objeción, alegó el peticionario que tales documentos eran parte del récord de un establecimiento que había cerrado por quiebra, por lo cual no debían utilizarse como evidencia para demostrar su capacidad de generar ingresos. La recurrida en su declaración también hizo un desglose de los gastos mensuales de sus hijos menores.
El testimonio del peticionario, por otro lado, estuvo más centrado en su preparación y habilidades como decorador de actividades y jardinero paisajista, así como en su imposibilidad de poder generar él sólo, lo que en algún momento generó el establecimiento que tenía con su esposa. Declaró sobre las limitaciones que tiene en generar ingresos por su cuenta en tal actividad, por no disponer de facilidades de crédito, además de testificar en cuanto a las ganancias que recibe y gastos que incurre en la actualidad, trabajando como empleado de una floristería. 
Así las cosas, la Oficial Examinadora de Pensiones Alimenticias rindió su "Informe y Recomendaciones", recomendando en el mismo que se determinara que el padre alimentante tiene la capacidad para generar la suma de $2,000.00 mensuales, como una cantidad justa y razonable. Habiendo adoptado el Tribunal de Primera Instancia el referido informe, acude el demandante-peticionario ante este Tribunal señalando como errores cometidos por ese foro los siguientes:

"1. Erró el Tribunal de Instancia al determinar que el demandante-peticionario es decorador profesional.

2.Erró el Tribunal de Instancia al admitir en evidencia los récords del negocio para fijar capacidad para generar ingresos del demandante-peticionario aun cuando dicha operación se fue a quiebra.

3.Erró el Tribunal de Primera Instancia al determinar que el demandante-peticionario tiene la capacidad de generar la suma de $2,000.00 de ingresos, sin tomar en consideración el ingreso real.

4.Erró el Tribunal de Instancia al fijar la suma de $1,000.00 de honorarios de abogado."

II
Por estar relacionados entre sí, comenzaremos discutiendo los señalamientos de errores número dos (2) y tres (3). En esencia, los mismos presentan ante nos la siguiente controversia: ¿Es admisible como evidencia para determinar la capacidad de generar ingresos del alimentante del caso de autos los récords de un establecimiento de negocios, del cual éste era dueño junto a su ex-esposa y que en la actualidad no existe, por haber fracasado el mismo? La contestación es en la afirmativa. Veamos.
Tratándose el presente pleito de uno en donde se está adjudicando la pensión alimenticia de hijos menores, debemos comenzar señalando que cuando de este tipo de casos se trata, los mismos son considerados como revestidos del más alto interés público, el cual siempre será el bienestar y conveniencia del menor. Siendo la obligación de alimentar a los menores una fundada en el derecho a la vida, derecho que a su vez es inherente a la persona, la política pública de nuestro ordenamiento en cuanto al sustento de menores es que los padres o personas legalmente responsables sean los que contribuyan, en la medida que sus recursos lo permitan, a la manutención de sus hijos o dependientes. 
La obligación de alimentar a los hijos emana del artículo 153 del Código Civil, que impone dicha obligación a los padres que ostentan la patria potestad, y del artículo 143 del Código Civil, que fija la responsabilidad de alimentos entre parientes. La obligación alimentaria de los padres surge del artículo 153 del Código Civil, supra, por emanar del ejercicio de patria potestad, cuando: (1) el hijo alimentista menor de edad está bajo la custodia del padre que tiene sobre él la patria potestad; o (2) ambos padres tienen conjuntamente la patria potestad y la custodia del hijo menor de edad, quien vive en compañía de ambos. Cuando no se da ninguna de las dos situaciones anteriores, como en el caso de autos, por vivir los niños con la madre, entonces la obligación del padre alimentante emana de *855 la obligación alimentaria entre parientes que regula el artículo 143 del Código Civil, supra, fundada en los lazos de parentesco. 
Tratándose la pensión del caso de autos de una al amparo del artículo 143 del Código Civil, supra, es indispensable que se demuestre tanto la necesidad del menor como la capacidad económica del alimentante para proveer los alimentos requeridos. Es con el objetivo de demostrar la capacidad de generar ingresos que exige tanto el Código Civil como la Ley de Sustento de Menores, supra, que en el caso de autos se presenta y admite cierta prueba documental del antiguo establecimiento de negocios propiedad de las partes.
Atendiendo así, en primer lugar, la procedencia de la admisibilidad de la evidencia antes descrita, debemos determinar si la misma cumple con las condiciones de materialidad y pertinencia que exige la Regla 18 de Evidencia. 
La materialidad de una evidencia es siempre condición necesaria para su pertinencia. Para pasar la prueba de pertinencia, el proponente debe satisfacer dos requisitos: (1) que la evidencia se refiera a una cuestión en controversia o a una cuestión de credibilidad, y (2) que la evidencia en relación a ese asunto en controversia o a la credibilidad de un testigo altere la probabilidad del hecho en controversia, frente a la situación de no presentarse tal evidencia. Lo primero se refiere a la materialidad y lo segundo a la pertinencia. Se considera pertinente la evidencia que, en alguna medida, ayuda al juzgador a decidir si el hecho en controversia ocurrió o no. Basta que cuente con un valor probatorio mínimo, porque a ese nivel no se pasa juicio sobre la suficiencia de la prueba, como cuestión de hecho y de derecho. 
Los récords del negocio presentados en evidencia constan, en parte, de bocetos diseñados por el peticionario, los cuales pueden reflejar la habilidad de diseñador de decoraciones que éste posee. La otra parte de los récords del negocio sometidos en evidencia consiste en cotizaciones y facturas, los cuales podrían servir también al evaluador de los hechos para determinar la magnitud y tipos de trabajos que el peticionario podría llegar a realizar. Es por ello que consideramos, que pudiendo surgir de esa evidencia alguna prueba que demuestre la habilidad de decorador del peticionario, consecuentemente es prueba que no sólo es relativa a la controversia, cumpliendo con el requisito de materialidad, sino que también podría ayudar al juzgador a determinar el hecho que se quiere probar, en este caso la capacidad de generar ingresos.
Decidido lo anterior, debemos proceder a contestar la interrogante de si, aunque admisible, erró el Tribunal de Primera Instancia al apreciar la prueba documental presentada, consistente en parte del récord del antiguo establecimiento propiedad de las partes, que fracasó en sus operaciones de negocios.
Dispone, en parte, la Regla 43.1 de las de Procedimiento Civil de 1979, lo siguiente:

"Las determinaciones de hechos basadas en testimonio oral no se dejarán sin efecto a menos que sean claramente erróneas y se dará la debida consideración a la oportunidad que tuvo el tribunal sentenciador para juzgar la credibilidad de los testigos."

No hay duda, de que la determinación de la capacidad económica del alimentante es una cuestión de hecho que queda al juicio prudente y a la discreción del juzgador. La norma establecida en materia de revisión de las determinaciones de hechos del Tribunal de Primera Instancia, es que un tribunal apelativo no revocará las mismas, basadas en testimonio oral, a menos que sean claramente erróneas. Como excepción a lo anterior, el tribunal apelativo está en libertad de adoptar su propio criterio al evaluar la prueba pericial y la prueba documental, quedando en igual posición que el Tribunal de Primera Instancia. Ello es así, debido a que la conclusividad de las determinaciones de hechos que impone la Regla 43.1 de las de Procedimiento Civil aplica exclusivamente a los testimonios orales vertidos en presencia del juzgador de hechos. 
Así, aunque la regla general es que en ausencia de pasión, prejuicio, parcialidad o error manifiesto, los tribunales apelativos no deben intervenir con la apreciación de la prueba, de igual forma se ha establecido que el arbitrio del juzgador de los hechos es respetable, pero no absoluto, pues una *856 apreciación errónea de la prueba por el Tribunal de Primera Instancia no tiene credenciales de inmunidad frente a las funciones revisoras. 
En el presente caso, la prueba que sirvió al Tribunal de Primera Instancia para establecer el hecho de la capacidad de generar ingresos del alimentante, aquí peticionario, fue la prueba documental antes mencionada, razón por la cual este Tribunal se encuentra en libertad de apreciar la misma en igual condición que el foro de instancia. 
La Regla 10 de las de Evidencia es la que trata de la evaluación y suficiencia de la prueba, y dispone que para que un hecho sea establecido se exige certeza o convicción moral en un ánimo no prevenido. Señala además la regla, que cuando se trate de casos civiles, la decisión del juzgador deberá producirse de acuerdo con la preponderancia de la prueba presentada, a base de criterios de probabilidad. Luego de evaluada por este Tribunal la prueba desfilada, concluimos que la evidencia presentada en el caso de autos no es suficiente para encontrar demostrada la capacidad de generar ingresos del peticionario.
Como se mencionara anteriormente, la prueba documental presentada, consistente en los récords del negocio fracasado, es admisible. Sin embargo, en el caso de autos existe un problema relativo a la suficiencia y apreciación que de dicha evidencia realizó el Tribunal de Primera Instancia. Veamos.
El establecimiento del negocio, del cual se presentan los documentos en controversia, no estaba operado únicamente por el peticionario. Aunque quedó demostrado que el peticionario sin duda alguna tiene creatividad como decorador de actividades, los servicios y labores rendidos por su negocio eran un conjunto de servicios, dentro de los cuales se contaba con su habilidad y talento para la decoración, unido a otros servicios que el establecimiento brindaba, y al trabajo de otras personas que empleaba para ejecutar sus diseños. Si bien es cierto, como en efecto señala la parte recurrida, que la capacidad creativa y genio creador lo tenía y tiene el peticionario consigo, y no terminó con la quiebra del establecimiento de negocios, la realidad también apunta al hecho de que el ingreso que recibía el peticionario al momento de tener el referido establecimiento no necesariamente equivale a lo que puede producir actualmente con su talento personal.
Esto es, en las vistas evidenciarias celebradas ante la Oficial Examinadora de Pensiones Alimenticias la prueba que desfiló la parte aquí recurrida, demostrativa de la capacidad de generar ingresos del padre aquí peticionario, constó exclusivamente de los récords del establecimiento fracasado y la certificación del propietario de la floristería donde alegadamente trabaja actualmente éste, la cual no recibió credibilidad por parte de la Oficial Examinadora. Es utilizando esos récords de tal establecimiento que el Tribunal de Primera Instancia concluye sobre la suma que cuantifica la capacidad de generar ingresos del peticionario.
Concluimos, que la capacidad de generar ingresos del demandante-peticionario no puede determinarse a base de prueba documental constitutiva de las operaciones e ingresos de un establecimiento de negocios cerrado por quiebra. En el caso de autos, sin duda alguna el peticionario tiene una capacidad creativa y artística para generar ingresos en ese campo, además de su preparación académica a nivel de bachillerato y su experiencia de trabajo en la industria farmacéutica. Así, la capacidad de generar ingresos del peticionario podría ser menor o mayor de la que generaba su negocio, y precisamente por ello no debe evaluarse las facturas y cotizaciones de un establecimiento de negocios inexistente.
Ciertamente los hijos menores de las partes tienen derecho a una pensión alimenticia según lo provee el ordenamiento jurídico vigente, pero para ello el Tribunal de Primera Instancia deberá celebrar una nueva vista, en la cual desfile prueba suficiente que demuestre lo que verdaderamente el demandante es capaz de generar como ingresos al presente. Es imperativo indicar, que no estamos interviniendo ni pasando juicio alguno sobre la determinación de la Oficial Examinadora, de no dar credibilidad al testimonio del peticionario en cuanto a que subsiste con un sueldo mínimo. Sin embargo, entendemos que el criterio utilizado para fijar la cuantía de la pensión alimenticia es uno errado. No debe el Tribunal de Instancia utilizar como criterio para determinar la capacidad económica para alimentar a sus hijos, como única prueba, lo que en algún momento un establecimiento de negocios que éste tenía y operaba con la recurrida producía. Aquel *857 establecimiento, como mencionáramos, producía ganancias que no eran el producto exclusivo del trabajo y capacidad del demandado, aquí peticionario. En aquella empresa habían empleados y otros recursos. Además, la recurrida participaba en el mismo en la fase administrativa.
En cuanto al señalamiento de error número uno (1), el cual indica que erró el Tribunal de Primera Instancia al determinar que el demandante-peticionario es decorador profesional, no consideramos que el mismo tenga el alcance que el peticionario le confiere. Al expresar el Tribunal de Primera Instancia que el peticionario es decorador profesional, estimamos que se refiriere simplemente al hecho de que éste se dedica como oficio a la decoración, y no a que se trate de un decorador con preparación técnica para ello, como apunta el peticionario en su escrito. Concluimos, que el Tribunal de Primera Instancia se refiere a la capacidad creativa y artística que el peticionario tiene en tal disciplina, que podría traducirse en producción de ingreso.
III
Por los fundamentos antes expuestos, se expide el auto y se revoca la resolución recurrida. Se devuelve el caso al Tribunal de Primera Instancia para que se celebre una nueva vista evidenciaría, en la cual se permita a las partes presentar evidencia para demostrar cuál es la capacidad económica del aquí peticionario al presente.
Lo acordó y manda el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 98 DTA 41
I.11 U.S.C.A., sec. 1, et. seq.
2. Apéndice VII, págs. 9-18 del recurso de certiorari.
3. Autos originales, págs. 127-133.
4. El peticionario presentó como evidencia de sus ganancias actuales una certificación del propietario de la floristería para la cual trabaja al momento, en la cual se indica que su sueldo es de $3.80 la hora, y trabaja 40 horas semanales. A dicho testimonio y documento la Oficial Examinadora no le dio credibilidad.
5. Negrón Rivera y Bonilla, Ex-parte, 120 D.P.R. 61 (1987).
6. Ley Especial de Sustento de Menores. Ley, Núm. 5 de 30 de diciembre de 1986, 8 L.P.R.A. § 502 y ss.
7. 31 L.P.R.A. § 601.
8. 31 L.P.R.A. § 562
9. Rodríguez Amadeo v. Santiago Torres, 135 D.P.R. _ (1993), 93 J.T.S. 106, opinión de 29 de junio de 1993.
10. Sarah Torres Peralta, La Ley Especial de Sustento de Menores y el Derecho de Alimentos en Puerto Rico, San Juan, Publicaciones STP, Inc., 1997, págs. 1.42-1.43.
II. 32 L.P.R.A. Ap. IV, R. 18.
12.Ernesto L. Chiesa, Práctica Procesal Puertorriqueña, Evidencia, Publicaciones J.T.S., 1979, Vol. I, Cap. IV, págs. 59-62.
*858 13. 32 L.P.R.A. Ap. III, R. 43.1.
14. García v. Acevedo, 78 D.P.R. 611 (1955); Molini v. Tribunal, 72 D.P.R. 945 (1951).
15. Ibid.
16. Sanabria v. Sucesión González, 82 D.P.R. 885 (1961).
17. Cosme v. Marchand, 121 D.P.R. 225 (1988).
18. Méndez de Rodríguez v. Morales Molina, 142 D.P.R. __ (1996), 96 J.T.S. 149, opinión de 15 de noviembre de 1996.
19. Cárdenas Maxán v. Rodríguez, 119 D.P.R. 642 (1987).
20. Cabe señalar, que no sólo este Tribunal tuvo la oportunidad de estudiar los autos originales del presente pleito y toda la prueba documental presentada en la vista de pensión celebrada, sino que además celebramos una vista oral el 25 de septiembre de 1997, en la cual tuvimos la oportunidad de escuchar ambas partes.
21. 32 L.P.R.A. Ap. IV, R. 10