SENTENCIA
En esta ocasión, debemos determinar si es cosa juzgada una resolución final y firme mediante la cual la Junta de Síndicos de la Administración de los Sistemas de Retiro (Junta de Síndicos) confirmó, en 1998, la suspensión de una pensión por incapacidad ocupacional. Por entender que aplica la doctrina de cosa juzgada, confirmamos al Tribunal de Apelaciones que ordenó la desestimación del pre-sente caso.
I — !
El Sr. Everilde Pérez Droz trabajó como agente de la Policía de Puerto Rico y tiene cotizados once años de servi-cios en la Administración de los Sistemas de Retiro de los Empleados del Gobierno y la Judicatura (Administración). El 7 de agosto de 1966 el señor Pérez Droz tuvo un acci-dente automovilístico en el que sufrió un trauma en la cabeza. Consecuentemente, comenzó a padecer de ansie-dad y neurosis postraumática. La Corporación del Fondo del Seguro del Estado (C.F.S.E.) relacionó el accidente con el empleo. Por ello, la Administración aprobó al señor Pé-rez Droz los beneficios de pensión por incapacidad ocupa-cional, a partir del 1 de enero de 1970, hasta tanto fuese repuesto al servicio.(1)
*315 Posteriormente, la Administración realizó una investi-gación y encontró que el señor Pérez Droz estaba traba-jando en la empresa privada.(2) Así las cosas, el 30 de julio de 1991, la Administración concedió diez días al señor Pé-rez Droz para que mostrara causa por la cual no se le de-bían suspender los beneficios de la pensión. Este no respondió. Por consiguiente, el 12 de septiembre de 1991 la Administración le notificó la suspensión de los beneficios de pensión. El señor Pérez Droz solicitó reconsideración ante la Administración, sin éxito. Al año siguiente, la Ad-ministración le notificó haber incurrido en un cobro inde-bido de pensión por la suma de $23,093.75, por el período en que recibió los mencionados beneficios, entre el 1 de julio de 1986 y el 15 de septiembre de 1991.
Así las cosas, el 6 de abril de 1992, el señor Pérez Droz solicitó nuevamente a la Administración que reconsiderara su dictamen. Sin embargo, el 17 de mayo de 1996, esta se reafirmó en su determinación de suspenderle los beneficios de pensión. Inconforme, el señor Pérez Droz apeló la deter-minación de la Administración ante la Junta de Síndicos. El 2 de septiembre de 1998, esta última confirmó las deter-minaciones de la primera. Todavía insatisfecho, el señor Pérez Droz acudió ante el Tribunal de Apelaciones, el cual denegó expedir el recurso. Finalmente, el señor Pérez Droz acudió ante nos. En 1999, denegamos su Solicitud de Cer-tiorari y las posteriores solicitudes de reconsideración, de-bido a que el apéndice que acompañaba su recurso no cum-plió con la Regla 20(k) del Reglamento de este Tribunal, 4 *316 L.P.R.A. Ap. XXI-A. Por lo tanto, advino final y firme la determinación de la Junta de Síndicos que confirmó las determinaciones de la Administración.
Así las cosas, la Administración realizó gestiones de co-bro mediante cartas y un procedimiento judicial ante el Tribunal de Primera Instancia. No obstante, el antiguo Tribunal de Distrito paralizó los procedimientos de cobro y ordenó el archivo sin perjuicio de la reclamación, en con-formidad con un proceso de quiebras iniciado por el señor Pérez Droz ante el foro federal.
Casi seis años después de la determinación de la Junta de Síndicos confirmando a la Administración, el 20 de marzo de 2004, el señor Pérez Droz solicitó la restitución de los beneficios de pensión. Luego de varios trámites pro-cesales, la Junta de Síndicos celebró una vista de conferencia. Allí, el señor Pérez Droz argumentó que, al momento de la aprobación de los beneficios por incapaci-dad, no surgía del texto de la Ley de Retiro prohibición alguna a que un pensionado por incapacidad realizara la-bores remunerativas. Es decir, el señor Pérez Droz preten-día que se le aplicara retroactivamente la doctrina que es-bozamos en Rodríguez v. Retiro, 159 D.P.R. 467 (2003).(3)
Finalmente, la Junta de Síndicos confirmó la determi-nación de la Administración, tras concluir que las contro-versias referentes a la suspensión de pagos y al cobro de lo indebido por parte del señor Pérez Droz habían sido pre-viamente adjudicadas por la agencia.
Inconforme, el señor Pérez Droz acudió ante el Tribunal *317 de Apelaciones, el cual confirmó la determinación de la Junta de Síndicos. El foro apelativo intermedio encontró que la determinación sobre suspensión de sus beneficios había advenido final y firme. También, enfatizó que una nueva teoría legal y la reclamación de remedios adicionales no operan como excepción a la doctrina de cosa juzgada. Aún insatisfecho, el señor Pérez Droz acude ante nos y solicita que revoquemos lo dictaminado por los foros inferiores. Expedimos el auto y, con el beneficio de la com-parecencia de ambas partes, estamos en posición de resolver.
p — i f — l
La doctrina de cosa juzgada está preceptuada en el Art. 1204 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 3343. En lo pertinente, este artículo dispone que, para que se active la presunción de cosa juzgada en otro juicio, se re-quiere que entre el caso resuelto mediante sentencia y el caso en que esta se invoca concurra la más perfecta iden-tidad entre las cosas, las causas, las personas de los liti-gantes y la calidad en que lo fueron. Id. Véanse, además: Méndez v. Fundación, 165 D.P.R. 253, 267 (2005); Pagán Hernández v. U.P.R., 107 D.P.R. 720, 732 (1978). Si se cum-plen estos requisitos, no procede dilucidar nuevamente los méritos de la controversia que está ante la consideración del foro judicial. Pagán Hernández v. U.P.R., supra; Bolker v. Tribunal Superior, 82 D.P.R. 816, 834 (1961).
Para determinar si se satisface el requisito de identidad entre las cosas, es necesario identificar cuál es el objeto o la materia sobre la cual se ejercita la acción. A & P Gen. Contractors v. Asoc. Caná, 110 D.P.R. 753, 764 (1981). Lo esen-cial es determinar que ambos litigios se refieren a un mismo asunto. Rodríguez Rodríguez v. Colberg Comas, 131 D.P.R. 212, 220 (1992), citando a Q.M. Scaevola, Código Civil, Madrid, Ed. Reus, 1958, pág. 534.
*318 Hay identidad entre las causas cuando, tanto en el pleito anterior como en el que se invoca la excepción de cosa juzgada, las acciones ejercitadas implican un mismo motivo o razón de pedir. A & P Gen. Contractors v. Asoc. Caná, supra, pág. 765. Por lo tanto, no debe confundirse la causa con los medios de prueba ni con los fundamentos legales de las pretensiones deducidas por las partes. Rodríguez Rodríguez v. Colberg Comas, supra, págs. 219-220. Satisfecho lo anterior, el requisito de identidad de causas se cumple aunque la acción ejercitada sea distinta de la primera en su calificación jurídica o en términos nominales. A & P General Contractors v. Asoc. Caná, supra. Tampoco impide la aplicación de la doctrina de cosa juzgada el que se introduzca una nueva teoría legal y se reclamen remedios adicionales en el segundo litigio. Id. Así pues, hemos enfatizado que la causa o motivo de pedir no debe confundirse con el remedio solicitado. Mercado Riera v. Mercado Riera, 100 D.P.R. 940, 951-952 (1972).
Respecto a la identidad entre las partes litigantes, así como la calidad en que lo fueron, los efectos de la doctrina de cosa juzgada se extienden a quienes intervienen en el proceso a nombre y en interés propio. A & P Gen. Contractors v. Asoc. Caná, supra, págs. 761-762; Rodríguez Rodríguez v. Colberg Comas, supra, pág. 220.
Cumplidos estos requisitos, la doctrina de cosa juzgada impide que, luego de emitida una sentencia en un pleito anterior, las mismas partes relitiguen en un pleito posterior las mismas causas de acción y cosas, las controversias ya litigadas y adjudicadas, y aquellas que pudieron haber litigado. Mun. de San Juan v. Bosque Real, S.E., 158 D.P.R. 743, 769 (2003); Acevedo v. Western Digital Caribe, Inc., 140 D.P.R. 452, 464 (1996).
La doctrina de cosa juzgada se fundamenta en conside-raciones de orden público y necesidad. Mun. de San Juan v. Bosque Real, S.E., supra. En primer lugar, protege a los ciudadanos para que no se les someta a los rigores de un *319 proceso judicial, en múltiples ocasiones, para litigar una misma causa. Rodríguez Rodríguez v. Colberg Comas, supra, págs. 218-219; Pérez v. Bauzá, 83 D.P.R. 220, 225 (1961). Al mismo tiempo, vela por el interés gubernamen-tal en que se finalicen los pleitos y en que se les dé la debida dignidad a los fallos de los tribunales. Pagán Hernández v. U.P.R., supra, pág. 732; Bolker v. Tribunal Superior, supra, pág. 832.
No obstante, la aplicación de la doctrina de cosa juzgada no procede de forma inflexible y automática cuando ha-cerlo derrote los fines de la justicia o consideraciones de orden público. Parrilla v. Rodríguez, 163 D.P.R. 263, 269 (2004); Pagán Hernández v. U.P.R., supra. Tampoco pro-cede su aplicación cuando se trate de una sentencia nula por haber sido dictada sin jurisdicción, Tartak v. Tribl. de Distrito, 74 D.P.R. 862, 870 (1953). Asimismo, una senten-cia sobre alimentos nunca será cosa juzgada. Castrillo v. Palmer, 102 D.P.R. 460, 463 (1974); Molini v. Tribl. de Distrito, 72 D.P.R. 945, 949 (1951).
En cuanto al derecho administrativo, la doctrina de cosa juzgada podría aplicar en tres vertientes: (1) dentro de la misma agencia; (2) interagencialmente, es decir, de una agencia a otra, y (3) entre las agencias y los tribunales. Mun. de San Juan v. Bosque Real, S.E., supra, pág. 770; Pagán Hernández v. U.P.R., supra, pág. 733. Para que la doctrina de cosa juzgada aplique en alguna de estas ver-tientes, hemos enumerado dos requisitos: (1) la agencia debe actuar en una capacidad judicial donde resuelva las controversias ante sí, y (2) las partes deben haber tenido una oportunidad adecuada para litigar. Pagán Hernández v. U.P.R., supra, citando a U.S. v. Utah Const. & Min. Co., 384 U.S. 394 (1966).
Sin embargo, la doctrina de cosa juzgada no es de apli-cación automática y absoluta a los procesos administrati-vos, pues la Rama Judicial tiene el poder de modificar o rechazar las determinaciones administrativas cuando ha- *320 cerlo sea lo más justo y conveniente de acuerdo al interés público. Acevedo v. Western Digital Caribe, Inc., supra. No obstante, la mera invocación de un derecho constitucional frente a una actuación administrativa no nos obliga auto-máticamente a descartar la presunción de cosa juzgada, sino que debemos investigar las circunstancias de cada caso individualmente. Pagán Hernández v. U.P.R., supra, págs. 735-737.
III
En el caso de autos, la Junta de Síndicos se negó en 2004 a reinstalar al señor Pérez Droz los beneficios que se le suspendieron en 1991, por entender que el asunto plan-teado era cosa juzgada. El Tribunal de Apelaciones con-firmó esta determinación, por los mismos fundamentos. Al analizar el historial procesal del caso de marras, conclui-mos que los foros inferiores actuaron correctamente. Veamos.
En 1991, la Administración notificó al señor Pérez Droz la suspensión de los beneficios de pensión. Este solicitó re-consideración ante la Administración, sin éxito. En 1992, la Administración le notificó haber incurrido en un cobro indebido de pensión por la suma de $23,093.75. Ese mismo año, el señor Pérez Droz solicitó nuevamente a la Adminis-tración que reconsiderara su dictamen. En 1996, la agencia reafirmó su determinación. Así las cosas, el señor Pérez Droz apeló ante la Junta de Síndicos, la cual confirmó en 1998 las determinaciones de la Administración. Incon-forme, el señor Pérez Droz acudió ante el Tribunal de Ape-laciones, el cual denegó expedir el recurso. Aún insatisfe-cho, el señor Pérez Droz acudió ante nos. En 1999, denegamos su petición de certiorari, debido a su incumpli-miento con las disposiciones reglamentarias de este Tribunal respecto al apéndice que acompañaba su recurso. *321 Luego, nos solicitó que reconsideráramos nuestra denega-toria. Sin embargo, mantuvimos nuestra posición. Por lo tanto, en 1999 advino final y firme la determinación de la Junta de Síndicos de confirmar la suspensión de los bene-ficios de pensión al señor Pérez Droz.
Media década más tarde, en 2004, el señor Pérez Droz intentó revivir esta controversia y solicitó que se le resti-tuyera su pensión por incapacidad. Para ello, invocó los fundamentos que establecimos en Rodríguez v. Retiro, supra. No obstante, entre esta nueva reclamación y la de-terminación inicial que advino final y firme en 1999, existe la identidad requerida para la aplicación de la doctrina de cosa juzgada. 31 L.P.R.A. sec. 3343. Véanse, además: Méndez v. Fundación, supra, pág. 267; Pagán Hernández v. U.P.R., supra, pág. 732.
En la reclamación presentada en 2004, el señor Pérez Droz solicita una vez más que se le reinstale su pensión por incapacidad ocupacional y que se deje sin efecto el co-bro de $23,093.75 por parte de la Administración por pen-sión pagada indebidamente. Asimismo, en ambas reclama-ciones, el señor Pérez Droz alega que la enmienda de 1986 no podía aplicarle retroactivamente. Además, las partes en las dos reclamaciones son las mismas. Por lo tanto, entre ambas reclamaciones concurre la más perfecta identidad entre cosas, causas, litigantes y la calidad en que lo fueron.
En cuanto a la aplicación de esta doctrina en el ámbito administrativo, el historial procesal de este caso demues-tra que la Administración resolvió la controversia ante sí actuando en su capacidad cuasijudicial y que el señor Pé-rez Droz aprovechó las herramientas apelativas disponi-bles para defender su causa, lo que significa que tuvo una oportunidad adecuada para litigar. Siendo así, se satisfa-cen los dos requisitos jurisprudenciales para la aplicación de la doctrina de cosa juzgada a los procesos administrativos. Pagán Hernández v. U.P.R., supra.
*322 De la misma forma, encontramos que en el caso de autos no se configura ninguna de las excepciones a la doctrina de cosa juzgada.
Alcanzada esta conclusión, es inmeritorio el argumento del señor Pérez Droz de que procede restituirle su pensión conforme a lo que establecimos en Rodríguez v. Retiro, supra. Cuando resolvimos ese caso en 2003, la determina-ción de la Junta de Síndicos respecto a la solicitud del se-ñor Pérez Droz había advenido final y firme. Asimismo, al momento de adjudicar el primer reclamo del señor Pérez Droz, no existía aún la norma que luego establecimos en Rodríguez v. Retiro, supra. En 1999, el señor Pérez Droz pudo haber alegado los mismos fundamentos de Derecho que nos presenta ahora. Inclusive, pudo haber traído los mismos argumentos que nos movieron a establecer la norma de Rodríguez v. Retiro, supra. No obstante, incum-plió con los requisitos procesales de este Tribunal. Ello le impide ahora relitigar la misma controversia. Además, como recalcamos anteriormente, la introducción de una nueva teoría legal no impide la aplicación de la doctrina de cosa juzgada. A & P General Contractors v. Asoc. Caná, supra.
Por todo lo anterior, concluimos que los foros inferiores no erraron al confirmar la determinación de la Adminis-tración sobre la suspensión de pagos y el cobro de lo inde-bido, a base de la doctrina de cosa juzgada. Consiguiente-mente, confirmamos la sentencia del Tribunal de Apelaciones.
Así lo pronunció, manda el Tribunal y certifica la Secre-taria del Tribunal Supremo. La Jueza Asociada Señora Fiol Matta emitió una opinión disidente. La Jueza Asociada Se-ñora Pabón Charneco no interviene.
(Fdo.) Aida Ileana Oquendo Graulau

Secretaria del Tribunal Supremo

 Esta pensión se concedió al amparo de la derogada Ley Núm. 447 de 15 de mayo de 1951, según enmendada, conocida como la Ley de Retiro de Personal del Gobierno del Estado Libre Asociado de Puerto Rico, 3 L.P.R.A. sec. 761 et seq. (ed. *315 1978) (Ley de Retiro). Esta ley imponía como condición para continuar disfrutando de los beneficios de la pensión, que el participante se sometiera a exámenes médicos periódicamente para determinar su estado de salud y grado de incapacidad. Art. 11 de la Ley de Retiro, 3 L.RR.A. see. 771 (ed. 1978). En aquel momento, la ley no prohibía expresamente que una persona pensionada por incapacidad laborara en la empresa privada desempeñando funciones distintas a las que realizaba al momento de su incapacidad.

 En 1986, el Art. 11 de la Ley de Retiro fue enmendado por la Ley Núm. 61 de 1 de julio de 1986 (3 L.RR.A. sec. 771). Esto, para autorizar a la Administración a suspender automáticamente el pago de la pensión por incapacidad sin la necesidad de un examen médico en aquellos casos en los cuales el pensionado estuviese traba-jando y devengando un salario igual o mayor al importe de la pensión.

 En Rodríguez v. Retiro, 159 D.P.R. 467 (2003), atendimos un escenario muy similar al de autos y concluimos que la enmienda de 1986 a la Ley de Retiro no aplicaba retroactivamente a pensiones concedidas antes de su vigencia, porque lo impedía la doctrina de derechos adquiridos. En esa ocasión, no resolvimos si la norma allí establecida aplicaría de forma retroactiva. Nótese la diferencia entre la retroactividad de la enmienda a la Ley de Retiro y la retroactividad de la norma pautada en Rodríguez v. Retiro, supra. Ahora bien, la doctrina que plasmamos en Rodríguez v. Retiro, supra, no existía al momento de suspenderse losbeneficios al peticionario.